IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | The Honorable Liam O'Grady |
| | ) | |
| KIM DOTCOM, et al., | ) | |
| | ) | Criminal No. 1:12-CR-3 |
| Defendants | ) | |
| | ) | |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Specially appearing defendant Megaupload Limited respectfully submits the attached

supplemental authority to the Court. *See United States v. Pangang Group Co., Ltd.*, Case No.

CR 11-573 (N.D. Cal. July 23, 2012), attached as Exhibit 1 (hereinafter, the "Order"). There are

very few decisions under Federal Rule of Criminal Procedure 4, and Megaupload respectfully

submits that the Order recently entered in *Panang* provides additional, pertinent authority on the

following four issues raised by Megaupload's pending motion to dismiss for lack of personal

jurisdiction:

(1)      The parties dispute whether service of criminal process under Federal Rule of

Criminal Procedure 4 is complete upon delivery of the summons to an officer or agent of the

corporation. *See* Dkt. 117 at 9-10; Dkt. 118 at 6-8. In *Panang*, the court quashed service—

notwithstanding valid delivery of the summons to a corporate agent—because the Government

failed to comply specifically with Rule 4's mailing requirement. *See* Order at 12 ("[A]s to

PIETC, the Government has met its burden to show it satisfied the delivery requirement. That

does not end the inquiry, because the Court still must find the Government complied with the

mailing requirement."); *id*. at 21-22 (quashing service because the Government "has failed to show that it mailed a copy of the summons to PIETC").

(2)      The parties dispute whether the Government can satisfy the mailing requirement in Rule 4 by mailing a copy of the summons to the individual co-defendants after their extradition.  *See* Dkt. 117 at 13; Dkt. 118 at 11-12.  In *Panang*, the court held that the summons may not be mailed to an officer or agent of the corporation, but rather must be mailed to the organization itself.  *See* Order at 14 ("Unlike the delivery requirement, the mailing requirement does not state that a summons may be mailed to an officer, director or a general agent. It requires a summons to be mailed to the *organization's* principal place of business in the United States.") (emphasis in original).

(3)      The parties dispute whether Federal Rule of Criminal Procedure 2 permits the Court to depart from a strict reading of Rule 4's mailing requirement.  *See* Dkt. 117 at 11-13; Dkt. 118 at 9-10.  In *Panang*, the court held that "Criminal Rule 4(c)(3) is not silent on the issue of mailing, and the Court does not find it ambiguous in requiring mailing to the organization, rather than to its general agent."  Order at 15.

(4)      The parties dispute whether actual notice may substitute for valid service of process, Dkt. 117 at 13; Dkt. 118 at 3-5.  In *Panang*, the court noted that "even in civil cases, actual notice without substantial compliance with the requirements of Civil Rule 4, is not sufficient to bring a defendant within the jurisdiction of the court.  Thus, the fact that the Pangang Defendants have notice of this proceeding is relevant but not dispositive."  Order at 15 (citation omitted).

Accordingly, Megaupload respectfully submits that the Court should consider the *Panang* Order when ruling on Megaupload's pending motion to dismiss.

Dated: July 24, 2012

Respectfully submitted,

___/s/ Heather H. Martin_____

Ira P. Rothken
ROTHKEN LAW FIRM
3 Hamilton Landing
Suite 280
Novato, CA 94949
(415) 924-4250
(415) 924-2905 (fax)
ira@techfirm.net

William A. Burck
Derek L. Shaffer
Heather H. Martin (VSB # 65694)
QUINN EMANUEL URQUHART &
SULLIVAN LLP
1299 Pennsylvania Avenue N.W., Suite 825
Washington, D.C. 20004
(202) 538-8000
(202) 538-8100 (fax)
williamburck@quinnemanuel.com
derekshaffer@quinnemanuel.com
heathermartin@quinnemanuel.com

Carey R. Ramos
Robert L. Raskopf
Andrew H. Schapiro
QUINN EMANUEL URQUHART &
SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, N.Y.  10010
(212) 849-7000
(212) 849-7100
careyramos@quinnemanuel.com
robertraskopf@quinnemanuel.com
andrewschapiro@quinnemanuel.com

*(Counsel for Defendant Megaupload Limited)*

- 4 -

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2012, I caused the foregoing NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION OF SPECIALLY APPEARING DEFENDANT MEGAUPLAOAD LIMITED TO DISMISS INDICTMENT FOR LACK OF PERSONAL JURISDICTION to be filed and served electronically by the Court's CM/ECF system upon all registered users.


_/s/ Heather H. Martin_
Heather H. Martin (VSB # 65694)
QUINN EMANUEL URQUHART &
SULLIVAN LLP
1299 Pennsylvania Avenue N.W., Suite 825
Washington, D.C. 20004
(202) 538-8000
(202) 538-8100 (fax)
heathermartin@quinnemanuel.com