# EXHIBIT 1



Federal Rules of Criminal Procedure, Rule 9

UNITED STATES CODE ANNOTATED
FEDERAL RULES OF CRIMINAL PROCEDURE FOR THE **UNITED STATES DISTRICT COURTS**
III. **INDICTMENT** AND INFORMATION
Copr. (C) West Group 2001. No Claim to Orig. U.S. Govt. Works

Rule 9. Warrant or Summons Upon **Indictment** or Information

**(a) Issuance.** Upon the request of the attorney for the government the court shall issue a warrant for each defendant named in an information supported by a showing of probable cause under oath as is required by Rule 4(a), or in an **indictment**. Upon the request of the attorney for the government a summons instead of a warrant shall issue. If no request is made, the court may issue either a warrant or a summons in its discretion. More than one warrant or summons may issue for the same defendant. The clerk shall deliver the warrant or summons to the marshal or other person authorized by law to execute or serve it. If a defendant fails to appear in response to the summons, a warrant shall issue. When a defendant arrested with a warrant or given a summons appears initially before a magistrate judge, the magistrate judge shall proceed in accordance with the applicable subdivisions of Rule 5.
**(b) Form.**
**(1) Warrant.** The form of the warrant shall be as provided in Rule 4(c)(1) except that it shall be signed by the clerk, it shall describe the offense charged in the **indictment** or information and it shall command that the defendant be arrested and brought before the nearest available magistrate judge. The amount of bail may be fixed by the court and endorsed on the warrant.
**(2) Summons.** The summons shall be in the same form as the warrant except that it shall summon the defendant to appear before a magistrate judge at a stated time and place.
**(c) Execution or Service; and Return.**
**(1) Execution or Service.** The warrant shall be executed or the **summons served** as provided in Rule 4(d)(1), (2) and (3). A summons to a corporation shall be served by delivering a copy to an officer or to a managing or general agent or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the corporation's last known address within the district or at its principal place of business elsewhere in the United States. The officer executing the warrant shall bring the arrested person without unnecessary delay before the nearest available federal magistrate judge or, in the event that a federal magistrate judge is not reasonably available, before a state or local judicial officer authorized by 18 U.S.C. § 3041.
**(2) Return.** The officer executing a warrant shall make return thereof to the magistrate judge or other officer before whom the defendant is brought. At the request of the attorney for the government any unexecuted warrant shall be returned and cancelled. On or before the return day the person to whom a **summons** was delivered for **service** shall make return thereof. At the request of the attorney for the government made at any time while the **indictment** or information is pending, a warrant returned unexecuted and not cancelled or a summons returned unserved or a duplicate thereof may be delivered by the clerk to the marshal or other authorized person for execution or service.
**[ (d) Remand to United States Magistrate for Trial of Minor Offense]** (Abrogated Apr. 28, 1982, eff. Aug. 1, 1982).

CREDIT(S)

1986 Main Volume

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

(As amended Apr. 24, 1972, eff. Oct. 1, 1972; Apr. 22, 1974, eff. Dec. 1, 1975; July 31, 1975, Pub.L. 94-64, § 3(4), 89 Stat. 370; Dec. 12, 1975, Pub.L. 94-149, § 5, 89 Stat. 806; Apr. 30, 1979, eff. Aug. 1, 1979; Apr. 28, 1982, eff. Aug. 1, 1982.)

2001 Pocket Part

(As amended Apr. 22, 1993, eff. Dec. 1, 1993.)

ADVISORY COMMITTEE NOTES

**1944 Adoption**

**1.** See Note to Rule 4, supra.

**2.** The provision of rule 9(a) that a warrant may be issued on the basis of an information only if the latter is supported by oath is necessitated by the Fourth Amendment to the Constitution of the United States. See *Albrecht v. United States,* 47 S.Ct. 250, 273 U.S. 1, 5, 71 L.Ed. 505.

**3.** The provision of rule 9(b)(1) that the amount of bail may be fixed by the court and endorsed on the warrant states a practice now prevailing in many districts and is intended to facilitate the giving of bail by the defendant and eliminate delays between the arrest and the giving of bail, which might ensue if bail cannot be fixed until after arrest.

**1972 Amendments**

Subdivision (b) is amended to make clear that the person arrested shall be brought before a United States magistrate if the information or **indictment** charges a "minor offense" triable by the United States magistrate.

Subdivision (c) is amended to reflect the office of United States magistrate.

Subdivision (d) is new. It provides for a remand to the United States magistrate of cases in which the person is charged with a "minor offense." The magistrate can then proceed in accordance with rule 5 to try the case if the right to trial before a judge of the district court is waived.

**1974 Amendments**

Rule 9 is revised to give high priority to the issuance of a summons unless a "valid reason" is given for the issuance of an **arrest warrant**. See a comparable provision in rule 4.

Under the rule, a summons will issue by the clerk unless the attorney for the government presents a valid reason for the issuance of an **arrest warrant**. Under the old rule, it has been argued that the court must issue an **arrest warrant** if one is desired by the attorney for the government. See authorities listed in Frankel, Bench Warrants Upon the Prosecutor's Demand: A View From the Bench, 71 Colum.L.Rev. 403, 410 n. 25 (1971). For an expression of the view that this is undesirable policy, see Frankel, *supra,* pp. 410-415.

A summons may issue if there is an information supported by oath. The **indictment** itself is sufficient to establish the existence of probable cause. See C. Wright, Federal Practice and Procedure: Criminal § 151 (1969); 8 J. Moore, Federal Practice ¶ 9.02[2] at p. 9-4 (2d ed.) Cipes (1969); *Giordenello v. United States,* 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (1958). This is not necessarily true in the case of an information. See C. Wright, *supra,* § 151; 8 J. Moore, *supra,* ¶ 9.02. If the government requests a warrant rather than a summons, good practice would obviously require the

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

judge to satisfy himself that there is probable cause. This may appear from the information or from an affidavit filed with the information. Also a defendant can, at a proper time, challenge an information issued without probable cause.

### 1975 Enactment

**A. Amendments Proposed by the Supreme Court.** Rule 9 of the Federal Rules of Criminal Procedure is closely related to Rule 4. Rule 9 deals with arrest procedures after an information has been filed or an **indictment** returned. The present rule gives the prosecutor the authority to decide whether a summons or a warrant shall issue.

The Supreme Court's amendments to Rule 9 parallel its amendments to Rule 4. The basic change made in Rule 4 is also made in Rule 9.

**B. Committee Action.** For the reasons set forth above in connection with Rule 4, the Committee endorses and accepts the basic change in Rule 9. The Committee made changes in Rule 9 similar to the changes it made in Rule 4. House Report No. 94-247.

### 1979 Amendments

Subdivision (a) is amended to make explicit the fact that a warrant may issue upon the basis of an information only if the information or an affidavit filed with the information shows probable cause for the arrest. This had generally been assumed to be the state of the law even though not specifically set out in rule 9; see C. Wright, Federal Practice and Procedure: Criminal § 151 (1969); 8 J. Moore, Federal Practice par. 9.02[2] (2d ed. 1976).

In *Gerstein v. Pugh*, 420 U.S. 103 (1975), the Supreme Court rejected the contention "that the prosecutor's decision to file an information is itself a determination of probable cause that furnishes sufficient reason to detain a defendant pending trial," commenting:

Although a conscientious decision that the evidence warrants prosecution affords a measure of protection against unfounded detention, we do not think prosecutorial judgment standing alone meets the requirements of the Fourth Amendment. Indeed, we think the Court's previous decisions compel disapproval of [such] procedure. In *Albrecht v. United States*, 273 U.S. 1, 5, 47 S.Ct. 250, 251, 71 L.Ed. 505 (1927), the Court held that an **arrest warrant** issued solely upon a United States Attorney's information was invalid because the accompanying affidavits were defective. Although the Court's opinion did not explicitly state that the prosecutor's official oath could not furnish probable cause, that conclusion was implicit in the judgment that the arrest was illegal under the Fourth Amendment.

No change is made in the rule with respect to warrants issuing upon **indictments**. In *Gerstein*, the Court indicated it was not disturbing the prior rule that "an **indictment**, 'fair upon its face,' and returned by a 'properly constituted grand jury' conclusively determines the existence of probable cause and requires issuance of an **arrest warrant** without further inquiry." See *Ex parte United States*, 287 U.S. 241, 250 (1932).

The provision to the effect that a summons shall issue "by direction of the court" has been eliminated because it conflicts with the first sentence of the rule, which states that a warrant "shall" issue when requested by the attorney for the government, if properly supported. However, an addition has been made providing that if the attorney for the government does not make a request for either a warrant or summons, then the court may in its discretion issue either one. Other stylistic changes ensure greater consistency with comparable provisions in rule 4.

### 1982 Amendments

**Subdivision (a).** The amendment of subdivision (a), by reference to Rule 5, clarifies what is to be done once the

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

defendant is brought before the magistrate. This means, among other things, that no preliminary hearing is to be held in a Rule 9 case, as Rule 5(c) provides that no such hearing is to be had "if the defendant is indicted or if an information against the defendant is filed."

**Subdivision (b).** The amendment of subdivision (b) conforms Rule 9 to the comparable provisions in Rule 4(c) (1) and (2).

**Subdivision (c).** The amendment of subdivision (c) conforms Rule 9 to the comparable provisions in Rules 4(d) (4) and 5(a) concerning return of the warrant.

**Subdivision (d).** This subdivision, incorrect in its present form in light of the recent amendment of 18 U.S.C. § 3401(a), has been abrogated as unnecessary in light of the change to subdivision (a).

### 1993 Amendments

The Rule is amended to conform to the Judicial Improvements Act of 1990 [P.L. 101-650, Title III, Section 321] which provides that each United States magistrate appointed under section 631 of title 28, United States Code, shall be known as a United States magistrate judge.

## HISTORICAL NOTES

Amendments

1975 Amendments. Subd. (a). Pub.L. 94-64 amended subd. (a) generally.

Subd. (b) (1). Pub.L. 94-149 substituted reference to "rule 4(c) (1)" for "rule 4(b) (1)."

Subd. (c) (1). Pub.L. 94-149 substituted reference to "rule 4(d) (1), (2), and (3)" for "rule 4(c) (1), (2), and (3)."

Change of Name

United States magistrate appointed under section 631 of Title 28, Judiciary and Judicial Procedure, to be known as United States magistrate judge after Dec. 1, 1990, with any reference to United States magistrate or magistrate in Title 28, in any other Federal statute, etc., deemed a reference to United States magistrate judge appointed under section 631 of Title 28, see section 321 of Pub.L. 101-650, set out as a note under section 631 of Title 28.

Effective and Applicability Provisions

1975 Acts. Amendments of this rule embraced in the order of the United States Supreme Court on Apr. 22, 1974, and the amendments of this rule made by section 3 of Pub.L. 94-64, effective Dec. 1, 1975, see section 2 of Pub.L. 94-64, set out as a note under rule 4 of these rules.

## CROSS REFERENCES

Commitment to another district, see Fed.Rules Cr.Proc. Rule 40, 18 USCA.

## LIBRARY REFERENCES

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Administrative Law

Magistrate's **warrant** of **arrest** and summons, form, see West's Federal Administrative Practice §§ 6809, 6810.
Procedural requirements, arrest and related matters, see West's Federal Administrative Practice § 6726 et seq.

American Digest System

Criminal Law ☞263.

Encyclopedias

Criminal Law, see C.J.S. § 355 et seq.

Forms

Criminal Procedure, 7 Fed Proc Forms L Ed §§ 20:9, 10
Criminal Procedure (1994), 7 Fed Proc Forms L Ed §§ 20:20, 21

Texts and Treatises

Changes effected by Criminal Rules, see Wright: Criminal 2d § 3.
Issuance of warrant, see Wright: Criminal 2d § 41.
Oath required for **warrant** for **arrest** of person named in **indictment**, see Wright: Criminal 2d § 123.
Successive or delayed applications, collateral review, see LaFave and Israel § 27.5.
Warrant or summons upon—
    Complaint, see Wright: Criminal 2d § 51 et seq.
    **Indictment** or information, see Wright: Criminal 2d § 151 et seq.
    Criminal Procedure, 8 Fed Proc L Ed §§ 22:294, 307, 311
    Criminal Procedure, 9 Fed Proc L Ed § 22:414
    Criminal Procedure, 8 Fed Proc L Ed §§ 22:484-487
    Criminal Procedure, 9 Fed Proc L Ed §§ 22:484-487, 684

NOTES OF DECISIONS

1. Issuance of warrant or summons

It is the duty of the district judge on application of the district attorney to issue a bench **warrant** for the **arrest** of one charged by an **indictment** fair on its face and regularly returned. Ex parte United States, U.S.Pa.1932, 53 S.Ct. 129, 287 U.S. 241, 77 L.Ed. 283.

Issuance of bench **warrant** for **arrest** of accused after grand jury returned "true bill" was not matter of course, but discretionary with court. U S v. Wingert, D.C.Pa.1932, 55 F.2d 960.

Once attorney for federal government has requested an **arrest warrant** for individuals named in fair and properly drawn **indictment**, court must issue **arrest warrant**; court has no discretion and may not conduct examination of the request. Matter of Sturman, N.D.Ohio 1984, 604 F.Supp. 278.

2. Form of warrant or summons

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

A summons issued under subd. (a) of this rule for each defendant named in an **indictment** is not compulsory process, and hence a nonresident who entered the state in response to such a summons entered the state voluntarily and was immune from civil process while coming to and going from place of such attendance, and immunity from a civil order of arrest issued in aid of judgment for unpaid arrears of alimony was not lost when, after having pleaded to **indictment**, defendant was held by federal court in bail, which bail he furnished. Kreiger v. Kreiger, N.Y.Sup.1947, 71 N.Y.S.2d 448, 7 Misc.2d 595, affirmed 72 N.Y.S.2d 403, 272 A.D. 880, appeal dismissed 75 N.E.2d 629, 297 N.Y. 616, appeal denied 75 N.Y.S.2d 291, 272 A.D. 1053.

3. Execution, service, and return

Where petitioner was charged with criminal contempt for failing to comply with order of district court for the Eastern District of California to appear before internal revenue service agent, nationwide service of process was provided by these rules and arrest of petitioner in Nevada was proper. Steinert v. U. S. Dist. Court for Dist. of Nevada, C.A.9 (Cal.) 1976, 543 F.2d 69.

Courts must determine in each case whether a delay in bringing arrested person before the court is unreasonable and thus violative of this rule providing that such shall be done promptly. U. S. v. Smith, C.A.7 (Ill.) 1967, 379 F.2d 628, certiorari denied 88 S.Ct. 491, 389 U.S. 993, 19 L.Ed.2d 486.

It was unnecessary to bring defendant before commissioner [now magistrate] where **indictment** and warrants were suppressed and bail had been set. U. S. v. D'Argento, C.A.7 (Ill.) 1967, 373 F.2d 307, certiorari denied 88 S.Ct. 31, 389 U.S. 833, 19 L.Ed.2d 93, certiorari denied 88 S.Ct. 32, 389 U.S. 833, 19 L.Ed.2d 93, certiorari denied 88 S.Ct. 36, 389 U.S. 833, 19 L.Ed.2d 93.

The federal government has right to take into custody under a warrant any person properly charged with having committed a federal offense, without first attempting to determine whether he is sane or insane. Greenwood v. U.S., C.A.8 (Mo.) 1955, 219 F.2d 376, certiorari granted 76 S.Ct. 89, 350 U.S. 821, 100 L.Ed. 733, affirmed 76 S.Ct. 410, 350 U.S. 366, 100 L.Ed. 412.

Where defendant was arrested under warrant pursuant to grand jury **indictment**, it was not necessary that he be taken before a commissioner [now magistrate]. Davis v. U.S., C.A.8 (Minn.) 1954, 210 F.2d 118.

In prosecution against individual and two corporations for violations of sections 77e(a)(2), 77q(a)(1) of Title 15, and for using mails to promote fraud, motion to quash service as to corporation should have been granted for lack of jurisdiction where **summonses** were not **served** on any officer of either corporation nor were copies left at place of business of either, and service on individual's secretary was insufficient for failure to show individual's connection with either corporation at time of service. Danziger v. U.S., C.C.A.9 (Cal.) 1947, 161 F.2d 299, certiorari denied 68 S.Ct. 81, 332 U.S. 769, 92 L.Ed. 354.

Motion for preindictment bail bond and stay of service of any **arrest warrant** for individual, who presumably wished to spare himself embarrassment of arrest after allegedly learning that **indictment** charging him with violations of federal tax and currency laws was imminent, was denied as premature, where no **indictment** or complaint was pending, government had made no request as to a summons or warrant, and case had not yet been assigned to any judge or magistrate. Matter of Sturman, N.D.Ohio 1984, 604 F.Supp. 278.

Defendant arrested on warrant issued on complaint was properly held to answer in district court without hearing where, after arrest but prior to date set for hearing, **indictment** was returned for crime charged in complaint. U. S. v. Brace, D.C.Md.1961, 192 F.Supp. 714.

4. Failure to appear

Where a corporation has been summoned in a criminal case but has defaulted in appearance, court has power to appoint one of its attorneys and officers to appear for the corporation. U S v. Crosby, S.D.N.Y.1959, 24 F.R.D. 15.

5. Probable cause showing

A **warrant** of **arrest** can be based upon an **indictment** because the grand jury's determination that probable cause existed for the **indictment** also establishes that element for the purpose of issuing a warrant for the apprehension of the person so charged. Giordenello v. U.S., U.S.Tex.1958, 78 S.Ct. 1245, 357 U.S. 480, 2 L.Ed.2d 1503.

Although a summons, rather than a warrant, may be used to secure the defendant's appearance to answer charges in an unverified information, a defendant should not have to disobey a summons to obtain a probable cause hearing; it is highly desirable for district courts to establish, where it is challenged, that the government has probable cause supported by oath before putting any defendant to trial. U. S. v. Millican, C.A.5 (Tex.) 1979, 600 F.2d 273, certiorari denied 100 S.Ct. 1274, 445 U.S. 915, 63 L.Ed.2d 598.

Habeas corpus petitioner, whose petition was reclassified as motion to vacate sentence, abused writ, inasmuch as this was petitioner's third motion to vacate and sole challenge concerned accuracy of information contained in paragraph of presentence report which he failed to challenge in two previous motions to vacate, where petitioner provided jumble of haphazard business records without intelligible explanation of their meaning or relevance and made no effort to show cause why he did not present claim in previous petitions or prejudice that would result if claim was not considered. Zack v. U.S., E.D.Mich.1996, 915 F.Supp. 913.

Verification by Office of Price Administration investigator of information charging violation of Office of Price Administration regulations, which verification recited that investigator had read the information and knew the contents thereof, and that the same was true to the best of his knowledge, information and belief, was not sufficiently positive to establish "probable cause" as required by U.S.C.A. Const.Amend. 4, and required the quashing of **warrant** of **arrest** issued on such information and all proceedings pursuant thereto. U.S. v. Kennedy, D.C.Colo.1946, 5 F.R.D. 310.

6. Retaking of formerly arrested defendants

Although bailsmen may, without **warrant**, **arrest** a prisoner out on bond, the court proceeds under bench warrant to retake prisoner. Carlson v. Landon, U.S.1952, 72 S.Ct. 525, 342 U.S. 524, 96 L.Ed. 547, rehearing denied 72 S.Ct. 1069, 343 U.S. 988, 96 L.Ed. 1375.

Where district court on arrival of mandate of United States Supreme Court affirming convictions of defendants for conspiring to organize Communist Party of United States to teach and advocate overthrow of government by force and violence, undertook to commit defendants to serve their sentences, and four defendants did not appear, district court had power to direct bench **warrant** for **arrest** of such four defendants. Field v. United States, C.A.2 1951, 193 F.2d 86.

7. Waiver

**Warrant** for **arrest** for failure to file income tax return issued on basis of information but not supported by oath or affidavit violated this rule, but defendant's failure to raise his objections to validity of warrant prior to trial was waiver of objection. U. S. v. Kahl, C.A.5 (Tex.) 1978, 583 F.2d 1351.

Where defendant's motion to dismiss **indictment** on ground that warrant had not been issued was not made to trial court until after trial had commenced, jury had been impanelled and government's first witness had testified, right to

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

object to trial court's jurisdiction, was waived and, in any event, trial court did have jurisdiction over defendant's person. U. S. v. Andreas, C.A.8 (Mo.) 1972, 458 F.2d 491, certiorari denied 93 S.Ct. 54, 409 U.S. 848, 34 L.Ed.2d 89.

8. Delay in arraignment

Defendant's custodial, postarrest statement, which was made during the weekend before he was brought before magistrate judge for arraignment, did not have to be suppressed based on delay in arraignment where defendant voluntarily gave statement without interrogation, and defendant initiated contact with law enforcement officers, waived his rights, and made the inculpatory statements. U.S. v. Fullwood, C.A.2 (Conn.) 1996, 86 F.3d 27, certiorari denied 117 S.Ct. 442, 519 U.S. 985, 136 L.Ed.2d 338.

9. Remedy for unnecessary delay

Remedy for unnecessary delay in bringing arrestee before nearest available federal magistrate judge, following **arrest** on **warrant** issued on **indictment** or information, is suppression of prejudicial statements made during period of delay, not dismissal of **indictment**. U.S. v. Perez-Torribio, S.D.N.Y.1997, 987 F.Supp. 245.

 Fed. Rules Cr. Proc. Rule 9, 18 U.S.C.A.
FRCRP Rule 9

END OF DOCUMENT

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.