IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.           ) | The Honorable Liam O'Grady |
| ) | |
| KIM DOTCOM, et al.,       ) | |
| ) | Criminal No. 1:12-CR-3 |
| Defendants      ) | |
| ) | |

**MOTION OF QUINN EMANUEL URQUHART & SULLIVAN LLP AND THE ROTHKEN LAW FIRM FOR LEAVE TO ENTER LIMITED AND SPECIAL APPEARANCE ON BEHALF OF MEGAUPLOAD LIMITED**

Non-parties Quinn Emanuel Urquhart & Sullivan LLP and the Rothken Law Firm ("Movants"), on their own behalf, respectfully move this Court for leave to enter limited and special appearances on behalf of Defendant Megaupload Limited ("Megaupload") for the purpose of filing the Brief of Interested Party Megaupload Limited Regarding Rule 41(g) Hearing. A copy of the brief that Movants propose to file and argue pursuant to their limited and special appearances is appended hereto for the benefit of the parties and the Court. In the event that the requested leave is granted, Movants respectfully request that the proposed brief be accepted as filed *nunc pro tunc* as of this date.

The grounds for this Court to permit a limited appearance have already been briefed and need not be belabored. Indeed, this Court has already permitted Movants to appear on a limited basis. *See* April 13 Hrg. Tr. (Dkt. 84) at 27:21-23 ("THE COURT: I am going to allow you to appear limited, for purposes of this hearing today on a limited basis. I won't hold you in the case after today."). For present purposes, Movants simply incorporate by reference their prior briefing on this point, *see* Memo. in Support of Mot. for Leave to Enter Limited Appearance

(Dkt. 60); Rebuttal Memo. in Support of Mot. for Leave to Enter Limited Appearance (Dkt. 79); Mot. for Leave to Enter Limited and Special Appearances (Dkt. 96), focusing herein only on considerations that specially support grant of the requested leave at this time.

On May 25, 2012, interested party Kyle Goodwin filed his Motion for Return of Property (Dkt. 90) seeking the return of data stored on Megaupload's servers pursuant to Federal Rule of Criminal Procedure 41(g).[1] The Government opposed that motion on June 8, 2012 (Dkt. 99). Following briefing and oral argument on the motion, the Court issued an Order on October 2, 2012, indicating that "it is unable to reach a conclusion as to this matter without an evidentiary hearing." (*See* Dkt. 126.) The Court noted that the hearing "shall be limited to argument and evidence concerning the applicability of Federal Rule of Criminal Procedure 41(g)" and ordered Mr. Goodwin and the Government to file briefs regarding the suggested format and breadth of this hearing. (*See id.*)

Given that (1) Megaupload is the proper entity under state and federal privacy laws to access the data on Megaupload's servers; (2) Megaupload is best positioned, with respect to technology, knowledge-base and otherwise, to locate, access, and retrieve consumer data from servers in an expeditious and cost-efficient manner; (3) issues of data preservation and consumer access may be critically and inextricably bound up with Megaupload's criminal defense, to the point of implicating due process rights; and (4) Megaupload's seized assets may be proposed as a means of funding consumer access and return of consumer property, again implicating due process rights, Megaupload would respectfully request an opportunity to participate—as and if the Court deems appropriate—in the Rule 41(g) hearing. Movants therefore respectfully request

---

[1] Mr. Goodwin also sought the return of his property pursuant to 18 U.S.C. § 1963, however this Court ultimately concluded that 18 U.S.C. § 1963 does not pertain to the present set of facts and circumstances. (*See* Dkt. 126.)

that the Court permit them to enter a limited and special appearance on behalf of Megaupload for the sole purpose of filing the Brief of Interested Party Megaupload Limited Regarding Rule 41(g) Hearing.

* * *

For the foregoing reasons, Movants respectfully request that the Court grant the undersigned leave to appear on a limited and special basis in order to file the aforementioned brief.

Respectfully submitted,

| | |
|---|---|
| Ira P. Rothken<br>ROTHKEN LAW FIRM<br>3 Hamilton Landing<br>Suite 280<br>Novato, CA 94949<br>(415) 924-4250<br>(415) 924-2905 (fax)<br>ira@techfirm.net | ___/s/ Heather H. Martin_____<br>William A. Burck<br>Derek L. Shaffer<br>Heather H. Martin (VSB # 65694)<br>QUINN EMANUEL URQUHART &<br>SULLIVAN LLP<br>1299 Pennsylvania Avenue N.W., Suite 825<br>Washington, D.C. 20004<br>(202) 538-8000<br>(202) 538-8100 (fax)<br>williamburck@quinnemanuel.com<br>derekshaffer@quinnemanuel.com<br>heathermartin@quinnemanuel.com<br><br>Carey R. Ramos<br>Robert L. Raskopf<br>Andrew H. Schapiro<br>QUINN EMANUEL URQUHART &<br>SULLIVAN LLP<br>51 Madison Avenue, 22nd Floor<br>New York, N.Y. 10010<br>(212) 849-7000<br>(212) 849-7100<br>careyramos@quinnemanuel.com<br>robertraskopf@quinnemanuel.com<br>andrewschapiro@quinnemanuel.com<br><br>*Counsel for Defendant Megaupload Limited* |

## CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2012, the foregoing MOTION OF QUINN EMANUEL URQUHART & SULLIVAN LLP AND THE ROTHKEN LAW FIRM FOR LEAVE TO ENTER LIMITED AND SPECIAL APPEARANCE ON BEHALF OF MEGAUPLOAD LIMITED was filed and served electronically by the Court's CM/ECF system upon all registered users.

   /s/ Heather H. Martin              
Heather H. Martin (VSB # 65694)
QUINN EMANUEL URQUHART &
SULLIVAN LLP
1299 Pennsylvania Avenue N.W., Suite 825
Washington, D.C. 20004
(202) 538-8000
(202) 538-8100 (fax)
heathermartin@quinnemanuel.com