IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff<br>v.<br><br>KIM DOTCOM, et al.,<br><br>                Defendants | The Honorable Liam O'Grady<br><br>Criminal Action No. 1:12-CR-3 |

**[PROPOSED] BRIEF OF INTERESTED PARTY**
**MEGAUPLOAD LIMITED REGARDING RULE 41(G) HEARING**

On May 25, 2012, interested party Kyle Goodwin filed his Motion for Return of Property (Dkt. 90) seeking the return of data stored on Megaupload's servers pursuant to Federal Rule of Criminal Procedure 41(g).[1] On June 8, 2012, the Government opposed that motion (Dkt. 99). Following briefing and oral argument on the motion, the Court issued an Order on October 2, 2012, indicating that "it is unable to reach a conclusion as to this matter without an evidentiary hearing." (*See* Dkt. 126.) The Court noted that the hearing "shall be limited to argument and evidence concerning the applicability of Federal Rule of Criminal Procedure 41(g)" and ordered Mr. Goodwin and the Government to file briefs regarding the suggested format and breadth of this hearing. (*See id.*)

Specially appearing Defendant and interested party Megaupload respectfully requests an opportunity to participate in the Rule 41(g) hearing to the extent the Court deems appropriate. Although Megaupload is not a direct party to Mr. Goodwin's motion, Megaupload submits that it has a material interest in the proceeding for the following reasons:

---

[1] Mr. Goodwin also sought the return of his property pursuant to 18 U.S.C. § 1963, however this Court ultimately concluded that 18 U.S.C. § 1963 does not pertain to the present set of facts and circumstances. (*See* Dkt. 126.)

*First*, as the Cloud storage internet service provider that hosted Mr. Goodwin's and similarly situated users' data, Megaupload is the proper entity under state and federal privacy laws, including the Stored Communications Act, codified at 18 U.S.C. Chapter 121 §§ 2701–2712, to access the data for purposes of coordinating its return.

*Second*, especially because Megaupload designed and presided over the system on which Mr. Goodwin's and similarly situated users' data resides, Megaupload is best positioned—with respect to its technology, knowledge-base and otherwise—to locate, access, and retrieve that data in an expeditious, cost efficient manner. Megaupload has a strong legal interest in customer data access that goes beyond Mr. Goodwin and is uniquely positioned through its counsel to argue the factual, logistical, and legal issues to help develop a more accurate record for the Court's 41(g) analysis.

*Third*, issues of data preservation and consumer access are inextricably bound up with Megaupload's criminal defense and the due process rights that attach.[2] Megaupload's servers are presently unplugged, offline, and being stored at facilities owned by Carpathia Hosting, Inc. To the extent the Court orders the return of Mr. Goodwin's or other similarly situated users' property, the servers will need to be restored to a condition that allows access to and retrieval of data. Megaupload has a substantial interest in ensuring that the servers are brought back online and the data is subsequently retrieved in a manner that preserves the corpus of data and metadata so that relevant evidence is available for use in Megaupload's criminal defense, as well as in the civil litigation that has been separately brought before this Court against Megaupload.

---

[2] In light of this close interplay, counsel for Megaupload may, at the appropriate time, seek to renew Megaupload's motion for the release of assets sufficient to cover legal fees, expenses and other costs.

Indeed, it is this intimate relationship between issues of data preservation and consumer access that led counsel for Megaupload to suggest at the April 13, 2012 hearing on Carpathia's Emergency Motion for Protective Order that all interested parties meet and confer with a special master, in order to craft a solution that both preserves potentially exculpatory evidence and allows innocent users of Megaupload's cloud storage services to retrieve their property. *See* April 13, 2012 Hrg Tr. at 28:11-15 (Mr. Rothken: ". . . it seems like ultimately what should happen here is that the parties should go back and meet and confer.  And maybe the meet and confer should be with a special master who could parse out all these different issues, hopefully draw a Venn diagram and figure out a holistic solution."); *id.* at 31:13-18 (Mr. Rothken: "And then the next part about this, which goes in a large part to EFF and to a certain part to litigants, is how do you make these servers so that they go from not reasonably accessible, which is what the diagram shows, to reasonably accessible so that they are powered on so you could run queries, so you could access them.").  Recognizing the need to have all interested stakeholders at the negotiating table in order to achieve a harmonized resolution to these issues, the Court ordered all parties—including Megaupload—to meet and confer in front of Magistrate Judge Anderson. (*See* Dkt. 87.)  The contemplated Rule 41(g) hearing is merely a continuation of these proceedings—occasioned by the Government's resistance to good faith negotiations (*See* Dkt. 91 at 1)—and Megaupload remains an indispensable party for the very same reasons that motivated this Court to grant it leave to participate in the previous stage of negotiations.[3]

*Finally*, the process of identifying, copying, and returning Mr. Goodwin's or other similarly situated users' property will inevitably involve monetary costs.  In the event that the

---

[3] By way of analogy, were this a civil action, Megaupload would likely be considered a necessary and indispensable party, without whom "the court cannot accord complete relief among existing parties."  *See* FED. R. CIV. P. 19(a).

3

Government or any other interested party may propose to use Megaupload's restrained assets to cover any portion of those costs, Megaupload has an interest and a due process right to be heard regarding any such expenditure of its restrained assets.

## CONCLUSION

For the foregoing reasons, specially appearing Defendant and interested party Megaupload Limited respectfully requests an opportunity to participate in the Rule 41(g) hearing to the extent the Court deems appropriate.

Respectfully submitted,

   /s/ Heather H. Martin
William A. Burck

Ira P. Rothken
ROTHKEN LAW FIRM
3 Hamilton Landing
Suite 280
Novato, CA 94949
(415) 924-4250
(415) 924-2905 (fax)
ira@techfirm.net

Derek L. Shaffer
Heather H. Martin (VSB # 65694)
QUINN EMANUEL URQUHART &
SULLIVAN LLP
1299 Pennsylvania Avenue N.W., Suite 825
Washington, D.C. 20004
(202) 538-8000
(202) 538-8100 (fax)
williamburck@quinnemanuel.com
derekshaffer@quinnemanuel.com
heathermartin@quinnemanuel.com

Carey R. Ramos
Robert L. Raskopf
Andrew H. Schapiro
QUINN EMANUEL URQUHART &
SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, N.Y. 10010
(212) 849-7000
(212) 849-7100
careyramos@quinnemanuel.com
robertraskopf@quinnemanuel.com
andrewschapiro@quinnemanuel.com

*Counsel for Defendant Megaupload Limited*

## CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2012, the foregoing [PROPOSED] BRIEF OF INTERESTED PARTY MEGAUPLOAD LIMITED REGARDING RULE 41(G) HEARING was filed and served electronically by the Court's CM/ECF system upon all registered users.

    /s/ Heather H. Martin
Heather H. Martin (VSB # 65694)
QUINN EMANUEL URQUHART & SULLIVAN LLP
1299 Pennsylvania Avenue N.W., Suite 825
Washington, D.C. 20004
(202) 538-8000
(202) 538-8100 (fax)
heathermartin@quinnemanuel.com