IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> KIM DOTCOM, et al., ) <br> ) <br> Defendants ) | The Honorable Liam O'Grady <br><br> Criminal Action No. 1:12-CR-3 |

**MEMORANDUM OF LAW IN SUPPORT OF
RENEWAL OF SPECIALLY APPEARING DEFENDANT MEGAUPLOAD LIMITED'S
REQUEST FOR DISMISSAL OF THE INDICTMENT WITHOUT PREJUDICE**

On July 3, 2012, specially appearing Defendant Megaupload Limited ("Megaupload") moved to dismiss the Superseding Indictment for lack of personal jurisdiction, based on the Government's failure to serve Megaupload with a criminal summons. (Dkt. 114.) The Court issued its Order on Megaupload's motion to dismiss on October 9, 2012. (Dkt. 127.) In its Order, the Court noted that "[t]he government has not served, nor has it attempted to serve, the corporate Defendant." (*Id.* at 2 n.3.) The Court nonetheless denied Megaupload's motion without prejudice, reasoning that "the government may be able to prove that at least one of the individually named defendants is an alter ego of the corporate parent" and that, if it does, the government will be able to serve Megaupload, via that alter ego, once the individual is extradited to the United States. (*Id.* at 4-5.)

While the Court acknowledged "that the individual Defendants may never be extradited," (Dkt. 127 at 5 n.6), it left open the question of whether Megaupload has been denied due process by the Government's delay in attempting service of process and whether the Superseding Indictment should be dismissed until such time as the individual Defendants are extradited (if

ever) and the alter ego analysis can be conducted. (*See id.* at 2 n.3.) The Court declined to consider dismissal without prejudice pending potential extradition of the individual Defendants, unless and until Megaupload requested such relief. (*See id.* at 2 n.3 ("The Court reads Megaupload's present Motion as contesting jurisdiction on the basis of the government's alleged inability to properly serve the corporate Defendant. The Court does not read the Defendant's Motion as seeking dismissal on other possible grounds."); *see also id.* at 5 n.6 ("[T]he present motion is based on the argument that the government could *never* serve Megaupload.").)

Megaupload respectfully submits that at oral argument on the motion to dismiss it requested, as an alternative remedy, dismissal without prejudice pending extradition. Specifically, counsel for Megaupload responded to the Court's inquiries regarding the Federal Rules' lack of a statutory time limit for service by expressly requesting that, if the Court was not inclined to dismiss the Indictment with prejudice, it do so without prejudice, until such time as the Government may be able to serve the corporate Defendant in accordance with the requirements of Federal Rules of Criminal Procedure 4 and 9:

> THE COURT: Well, that—can I require them to serve the company on any particular date? There's no date in the rule -- there appears to be no statutory limitation, and I understand your due process argument. So I—what if I, you know, would start with a premise that I don't control when the Government decides to serve the company. Where do we go from there?
>
> MR. BURCK: Well, Your Honor, we would submit that if the Court were ruling—going in that direction as a reasoning matter, that the appropriate result would be to dismiss the indictment without prejudice.
>
> Because the company, again, has already suffered all the consequences of a criminal prosecution, so the—even if there's a trial and the company is acquitted and the individuals are acquitted, of course the company is still done.
>
> So, we think that the due process claims trump all the other issues, and we think that if the Court were so inclined, that the Government should take certain steps in order to effectuate service, then—or if the extradition proceedings would be the relevant time line for that, again, the company should have an opportunity during

2

> that period of time to try to rehabilitate itself, because there isn't currently a criminal case that is sufficient for purposes of service and they've suffered massive harm.
>
> So, of course, that would not be our preference, and we do think that the Supreme Court has said you can't change the rules of service, et cetera, but the—that's all in our brief—but we do think that the alternative would be dismissal without prejudice, allow the Government at the appropriate time to then supercede the indictment again, add the corporation into the indictment.
>
> And at that point, a year down the road, two years, however long it takes and wherever the MLAT process or the extradition process takes, at that point we could have this argument as to specific individuals, corporations, entities.
>
> But, in the meantime, having the company subject to the burden of a—the incredible burden of a criminal prosecution with no ability to defend itself and no service is an extraordinary result and one that is unprecedented.

(July 27, 2012 Hrg. Tr. at 40:17-42:14.) This colloquy demonstrates that Megaupload expressly sought dismissal at least until Megaupload can be properly served. In light of this explicit request, the question whether the case should be dismissed without prejudice pending extradition of the individual Defendants has been and remains properly before the Court.

That this Court has the power to dismiss the indictment—whether with or without prejudice—in defense of Megaupload's due process rights, is beyond dispute. *See Browning-Ferris Industries of Vermont, Inc. v. Kelco Disposal, Inc.*, 492 U.S. 257, 285 (1989) (corporate defendant is entitled to constitutional protections of due process); *United States v. Al Mudarris*, 695 F.2d 1182, 1185 (9th Cir. 1983) (internal citations omitted) (Court "may dismiss an indictment as an exercise of [its] inherent supervisory power or to protect a defendant's due process rights."). Before this Court is a corporation that has been criminally indicted, has had its website seized, has had its business destroyed, has had all of its assets criminally frozen, and then been left in an indefinite, ongoing state of criminal limbo, all without the Government complying with Rule 4, attempting to comply with Rule 4, or identifying any prospect that it

3

might comply with Rule 4 any time in the foreseeable future. This combination of circumstances seems inimical to due process, especially considering that the rights of a criminal defendant are at stake. *See, e.g.*, *United States v. Ambrosio*, 575 F. Supp. 546, 552 (E.D.N.Y. 1983) (denying restraining order against assets of corporate co-defendant that had not itself been charged with RICO violation because, *e.g.*, "a court's jurisdiction 'is limited to those over whom it gets personal service, and who therefore can have their day in court.'" *Id.* at 551 (quoting *Alemite Mfg. Corp. v. Staff*, 42 F.2d 832, 832-33 (2d Cir. 1930) (Hand, J., majority opinion)). The reasons why this Court should exercise its power to dismiss, at least for the time being—while the Government is simultaneously failing to comply with Rule 4 yet subjecting Megaupload to ongoing, irreparable harm indistinguishable from the sort that would attend ultimate criminal conviction following full criminal process—have been submitted to the Court. As such, Megaupload respectfully renews its request made at the July 27, 2012 hearing and asks the Court to dismiss the case, without prejudice, forthwith.

Should the Court believe that additional briefing or argument is necessary, Megaupload respectfully requests that an expedited schedule be set, consistent with the rights that are at stake and the prejudice posed by any delay.

## CONCLUSION

For the foregoing reasons, specially appearing Defendant Megaupload Limited respectfully renews its request made at the July 27, 2012 hearing on the motion to dismiss and requests that the Court dismiss the indictment against it until such as time as Megaupload may receive service and mailing in compliance with Rule 4.

Respectfully submitted,

Ira P. Rothken
ROTHKEN LAW FIRM
3 Hamilton Landing
Suite 280
Novato, CA 94949
(415) 924-4250
(415) 924-2905 (fax)
ira@techfirm.net

   /s/ Heather H.  Martin
William A. Burck
Derek L. Shaffer
Heather H. Martin (VSB # 65694)
QUINN EMANUEL URQUHART &
SULLIVAN LLP
1299 Pennsylvania Avenue N.W., Suite 825
Washington, D.C. 20004
(202) 538-8000
(202) 538-8100 (fax)
williamburck@quinnemanuel.com
derekshaffer@quinnemanuel.com
heathermartin@quinnemanuel.com


Carey R. Ramos
Robert L. Raskopf
Andrew H. Schapiro
QUINN EMANUEL URQUHART &
SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, N.Y.  10010
(212) 849-7000
(212) 849-7100
careyramos@quinnemanuel.com
robertraskopf@quinnemanuel.com
andrewschapiro@quinnemanuel.com

*Counsel for Defendant Megaupload Limited*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 19, 2012, the foregoing MEMORANDUM OF LAW IN SUPPORT OF RENEWAL OF SPECIALLY APPEARING DEFENDANT MEGAUPLOAD LIMITED'S REQUEST FOR DISMISSAL OF THE INDICTMENT WITHOUT PREJUDICE was filed and served electronically by the Court's CM/ECF system upon all registered users.

    __/s/ Heather H. Martin_____
Heather H. Martin (VSB # 65694)
QUINN EMANUEL URQUHART &
SULLIVAN LLP
1299 Pennsylvania Avenue N.W., Suite 825
Washington, D.C. 20004
(202) 538-8000
(202) 538-8100 (fax)
heathermartin@quinnemanuel.com