IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.  )<br>)<br>KIM DOTCOM, et al.,  )<br>)<br>Defendants  )<br>) | The Honorable Liam O'Grady<br><br>Criminal No. 1:12-CR-3 |

### REBUTTAL OF SPECIALLY APPEARING DEFENDANT AND INTERESTED PARTY MEGAUPLOAD LIMITED IN SUPPORT OF ITS <u>SUPPLEMENTAL BRIEF REGARDING RULE 41(G) HEARING</u>

The Government's opposition brief (Dkt. 168) does not deny—and in several instances, expressly admits—the key facts underlying Megaupload Limited's ("Megaupload") Supplemental Brief Regarding Rule 41(g) Hearing (Dkt. 153-2):

- that the Indictment (Dkt. 1), the Superseding Indictment (Dkt. 34), and each of the five domain name seizure warrants (Dkt. 145-1) attempt to establish Megaupload's criminal *mens rea* by alleging that "[o]n or about June 24, 2010, members of the Mega Conspiracy were informed, pursuant to a criminal search warrant from the U.S. District Court for the Eastern District of Virginia, that thirty-nine infringing copies of copyrighted motion pictures were present on their leased servers at Carpathia Hosting, a hosting company headquartered in the Eastern District of Virginia" and that "[a]s of November 18, 2011, thirty-six of the thirty-nine infringing copies of copyrighted motion pictures were still being stored on servers controlled by the Mega Conspiracy";

- that the Government was aware but did not apprise the Court that Megaupload had learned of the allegedly infringing files while cooperating with the Government in a *secret*, ongoing criminal investigation (*see* Dkt. 168 at 3 ("The affidavit . . . requested that the government be authorized to disclose the warrant and its attachments to Megaupload in the event that Megaupload's assistance was needed to execute the warrant."));

- that the Government knew but did not tell Megaupload that Megaupload, itself, was an investigatory target at the time;

- that the Government enlisted third party Carpathia Hosting ("Carpathia") as its agent to instruct Megaupload to cooperate with and maintain the secrecy of the investigation (*see* Dkt. 168 at 3 ("The affidavit stated 'Carpathia has indicated that in the event it is not able to locate the content identified in Attachment A that is stored on its servers on its own, it will work with its customer, MegaUpload, to access the content to provide in response to the search warrant.'")); and

- that the Order sealing the June 24, 2010 warrant similarly indicated the need, per the Government's insistence, to avoid tipping off investigatory targets (*see* Dkt. 168 at 3 ("The affidavit concluded with a request that the warrant papers be sealed . . .")).

The opposition thus fails to refute the critical revelation driving Megaupload's supplement—namely, that the Government omitted material, exculpatory information at two critical junctures in this case: (1) when asking the grand juries to return indictments charging Megaupload and its co-defendants with criminal violations; and (2) when applying to this Court for the domain name seizure warrants that shut down the Mega websites and ultimately deprived Kyle Goodwin and other innocent users of access to their property. The Government answers that it could not have possibly supplied such information in its affidavits. (*See* Dkt. 168 at 21 ("Megaupload's claim that it retained the infringing files on its system due to a preservation obligation—and that the affiant should have included a statement to that effect in the affidavit— would have required the affiant to include facts he or she could not have known.").)[1] This is false. The Government, of course, could have disclosed the objective circumstances surrounding the June 24, 2010 search warrant, such as Megaupload's cooperation with the Government's investigation; the secret nature of that investigation; and Carpathia's role in conveying that

---

[1] The Government also argues that it is "entirely proper" for a seizure warrant affidavit to omit relevant facts, citing *United States v. Tate*, 524 F.3d 449, 455 (4th Cir. 2008) and *United States v. Colkley*, 899 F.2d 297, 301 (4th Cir. 1990). (*See* Dkt. 168 at 22-23.) However, both *Tate* and *Colkley* acknowledge that an omission can invalidate a warrant where "facts were omitted 'with the intent to make, or in reckless disregard of whether they thereby made, the affidavit misleading.'" *Tate*, 524 F.3d at 455 (quoting *Colkley*, 899 F.2d at 300). That standard is met here, as the Government deliberately misled the Court and failed to disclose material exculpatory information in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).

secrecy to Megaupload.  Doing so would have permitted the grand juries and this Court to make informed assessments of whether the continued presence of the allegedly infringing files constituted evidence of criminal intent.  Instead, the Government selectively parsed the facts to falsely paint Megaupload as a scofflaw who had no concern for the files' illegal content.

The question presently before this Court is whether, in light of the Government's omission, the Court should exercise its inherent power to permit Megaupload to participate in and be heard at the anticipated Rule 41(g) hearing—just as the Court has done on previous occasions. (*See, e.g.,* April 13, 2012 Hrg. Tr. at 27 (allowing Megaupload to participate in the hearing on third-party Carpathia Hosting's emergency motion for protective order).)  The reasons in support of granting Megaupload an opportunity to be heard have now been extensively briefed and need not be repeated here.  Instead, Megaupload respectfully incorporates its prior filings on this topic. (*See* Dkt. 133-2; Dkt. 153-2; Dkt. 157.)  However, the Government's opposition includes a number of false and misleading statements that compel response.

First, the Government continues to mischaracterize Megaupload's supplemental brief as a motion to suppress evidence. (*See* Dkt. 168 at 10.)  Not so; Megaupload seeks only to participate in and to be heard at the Rule 41(g) hearing, nothing more.  To the extent Megaupload is raising questions regarding the validity of the Government's domain seizure warrants, it is doing so, not to suppress evidence, but rather to inform this Court's determination regarding the return of Kyle Goodwin's and other similarly situated users' property. *See United States v. Comprehensive Drug Testing, Inc.,* 513 F.3d 1085, 1105 (9th Cir. 2008) ("*Comprehensive Drug Testing I*"), *opinion revised and superseded in part by* 621 F.3d 1162 (9th Cir. 2010) ("*Comprehensive Drug Testing II*") (a court may order return of property pursuant to Rule 41(g) on the basis that the

warrants authorizing seizure of the property were invalid); *see also* Fed. R. Crim P. 41(g) (a "person aggrieved by an unlawful search and seizure of property" may move for relief). Considering that this Court has ordered briefing and hearing "concerning the applicability of Federal Rule of Criminal Procedure 41(g)" (Dkt. 126), and Rule 41(g) calls for inquiry into whether the search and seizure of the property at issue was or was not "unlawful," Megaupload's arguments regarding the lawfulness of the underlying warrants are entirely proper.[2]

Second, the Government contends that "Megaupload may not be a party to Kyle Goodwin's motion because it has not and, to the government's knowledge, cannot assert a property interest in the property that is the subject of Mr. Goodwin's motion." (Dkt. 168 at 11.) This contention is nothing more than a red herring, aimed at distracting the Court from the issues that are actually pending before it. Megaupload has not asked to *join* Mr. Goodwin's motion and has never purported to be seeking the return of property on its own account. Rather, as has been repeatedly demonstrated, Megaupload has a direct interest in the Rule 41(g) proceedings (*see* Dkt. 133-2; Dkt. 153-2; Dkt. 157) and is simply asking for the opportunity to participate in the same manner that the Court has allowed in earlier hearings and previous negotiations with Magistrate Judge Anderson.[3]

---

[2] Additionally, the Government repeatedly argues that Megaupload has failed to meet the standard necessary for a *Franks* hearing. (*See* Dkt. 168 at 14, 21, 23.) However, Megaupload has not requested a *Franks* hearing and is not seeking to invalidate the domain seizure warrants at this stage. Again, Megaupload's supplement seeks only to alert the Court to newly discovered facts which are directly relevant to the anticipated Rule 41(g) hearing, and to respectfully request an opportunity to participate in and be heard at such hearing.

[3] The Government's statement that "Mr. Goodwin has never asserted a property interest in any domain names owned by Megaupload" (Dkt. 168 at 12) is equally beside the point. Megaupload's domain names and the circumstances surrounding their seizure by the Government are directly relevant to the Rule 41(g) inquiry since it was those seizures that rendered Mr. Goodwin's property inaccessible. But there is no requirement that Mr. Goodwin establish an ownership interest in those domains in order to seek the return of his property. To suggest otherwise would be akin to arguing that a third party deprived of physical property

Third, the Government insists it recited other evidence of criminal *mens rea* beyond the misleading snippet, and specifically cites to paragraphs contained in the affidavit in support of Seizure Warrant No. 1:12 SW 34. (*See* Dkt. 168 at 20.) However, the paragraphs merely describe that certain content was not searchable on the Megaupload.com website (¶ 12); that Megaupload offered a financial incentives program for its premium users (¶ 12); that Megaupload had access to listings of the content stored on its servers (¶ 13); certain organizational features of the Megavideo.com website (¶ 14); and the delivery of takedown notices at Megaupload.com email addresses (¶ 15). Not one of these paragraphs points to the type of direct knowledge by Megaupload that the snippet about the June 24, 2010 warrant does. Even when read in combination, they are weak, uncorroborated and conclusory.

Fourth, the Government argues that even if its mischaracterization of the evidence invalidated the seizure warrants, any resulting defect would be cured by the fact that a grand jury returned an indictment and that the "indictment itself satisfies the government's burden of demonstrating the requisite probable cause." (Dkt. 168 at 19.) This argument fails, however, as the same deceptive snippet about the June 24, 2010 warrant also appears in the Indictment and the Superseding Indictment. (*See* Dkt. 1 ¶ 25; Dkt. 34 ¶ 26.)

## CONCLUSION

For the reasons articulated above and in Megaupload's other briefs regarding the Rule 41(g) hearing (*See* Dkt. 133-2; Dkt. 153-2; Dkt. 157), Megaupload respectfully requests the opportunity to participate in any hearing conducted pursuant to Rule 41(g).

---

located inside of a building that has been seized by virtue of the Government placing a lock on the doors cannot seek return of the property absent a property interest in the doors themselves.

Respectfully submitted,

\_\_\_/s/ Heather H. Martin_____

| | |
|---|---|
| Ira P. Rothken<br>ROTHKEN LAW FIRM<br>3 Hamilton Landing<br>Suite 280<br>Novato, CA 94949<br>(415) 924-4250<br>(415) 924-2905 (fax)<br>ira@techfirm.net | William A. Burck<br>Derek L. Shaffer<br>Heather H. Martin (VSB # 65694)<br>QUINN EMANUEL URQUHART &<br>SULLIVAN LLP<br>1299 Pennsylvania Avenue N.W., Suite 825<br>Washington, D.C. 20004<br>(202) 538-8000<br>(202) 538-8100 (fax)<br>williamburck@quinnemanuel.com<br>derekshaffer@quinnemanuel.com<br>heathermartin@quinnemanuel.com<br><br>Carey R. Ramos<br>Robert L. Raskopf<br>Andrew H. Schapiro<br>QUINN EMANUEL URQUHART &<br>SULLIVAN LLP<br>51 Madison Avenue, 22nd Floor<br>New York, N.Y. 10010<br>(212) 849-7000<br>(212) 849-7100<br>careyramos@quinnemanuel.com<br>robertraskopf@quinnemanuel.com<br>andrewschapiro@quinnemanuel.com<br><br>*Counsel for Defendant Megaupload Limited* |

## CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2013, the foregoing **REBUTTAL OF SPECIALLY APPEARING DEFENDANT AND INTERESTED PARTY MEGAUPLOAD LIMITED IN SUPPORT OF ITS SUPPLEMENTAL BRIEF REGARDING RULE 41(G) HEARING** was filed and served electronically by the Court's CM/ECF system upon all registered users.

       /s/ Heather H. Martin_____
Heather H. Martin (VSB # 65694)
QUINN EMANUEL URQUHART & SULLIVAN LLP
1299 Pennsylvania Avenue N.W., Suite 825
Washington, D.C. 20004
(202) 538-8000
(202) 538-8100 (fax)
heathermartin@quinnemanuel.com