IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> v. ) <br> ) <br> KIM DOTCOM, et al., ) <br> ) <br> Defendants ) <br> ) | The Honorable Liam O'Grady <br><br> Criminal No. 1:12-CR-3 |

**SPECIALLY APPEARING DEFENDANT MEGAUPLOAD LIMITED'S
REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS RENEWED REQUEST
FOR DISMISSAL OF THE SUPERSEDING INDICTMENT WITHOUT PREJUDICE**

Specially appearing Defendant Megaupload Limited ("Megaupload") respectfully requests that the Court take judicial notice pursuant to Federal Rule of Evidence 201 of a letter the United States Department of Justice has submitted to the Advisory Committee on the Criminal Rules, recommending amendments to Rule 4 of the Federal Rules of Criminal Procedure "to permit the effective service of a summons on a foreign organization that has no agent or principal place of business within the United States." (*See* Letter from Assistant Attorney General Lanny Breuer to the Honorable Reena Raggi, Chair, Advisory Committee on the Criminal Rules, dated October 25, 2012, a true and correct copy of which is attached as Exhibit 1.) Specifically, the Government asks the Advisory Committee to "remove the requirement that a copy of the summons be sent to the organization's last known mailing address within the district or principal place of business within the United States," and to amend the Rule to "provide the means to serve a summons upon an organization located outside the United States." (*Id.*) In doing so, the Government implicitly acknowledges the force of what

Megaupload has contended all along—namely, that the Government *cannot* properly serve Megaupload, a Hong Kong corporation with no U.S. agent or office, under the *existing* Rule. The letter is therefore directly relevant to the Court's consideration of Megaupload's pending request for dismissal of the Superseding Indictment. (*E.g.*, Dkt. 146.)

## BACKGROUND

On July 3, 2012, Megaupload moved to dismiss the Superseding Indictment for lack of personal jurisdiction, based on the Government's failure to serve Megaupload with a criminal summons. (Dkt. 114.) As set forth in Megaupload's motion, Federal Rule of Criminal Procedure 4 provides that:

> A summons is served on an organization by delivering a copy to an officer, to a managing or general agent, or to another agent appointed or legally authorized to receive service of process. A copy *must also* be mailed to the organization's last known address within the district or to its principal place of business elsewhere in the United States.

FED. R. CRIM. P. 4(c)(3)(C) (emphasis added). Megaupload argued that the Government cannot serve the corporate defendant consistent with Rule 4, because Megaupload does not have an office in the United States, nor has it had one previously. "Service of a criminal summons on Megaupload is therefore impossible, which forecloses the Government from prosecuting Megaupload." (Dkt. 115 at 6.)

The Court issued its Order on Megaupload's motion to dismiss on October 9, 2012. (Dkt. 127.) In its Order, the Court noted that "[t]he government has not served, nor has it attempted to serve, the corporate Defendant." (*Id.* at 2 n.3.) The Court nonetheless denied Megaupload's motion without prejudice, reasoning that "the government may be able to prove that at least one of the individually named defendants is an alter ego of the corporate parent" and that, if it does, the government will be able to serve Megaupload, via that alter ego, once the individual is

extradited to the United States. (*Id.* at 4-5.) While the Court acknowledged "that the individual Defendants may never be extradited," (Dkt. 127 at 5 n.6), it left open the question of whether Megaupload has been denied due process by the Government's delay in attempting service of process and whether the Superseding Indictment should be dismissed until such time as the individual Defendants are extradited (if ever) and any alter-ego analysis can be conducted. (*See id.* at 2 n.3.)

On November 19, 2012, Megaupload renewed its request for dismissal of the Superseding Indictment without prejudice, asking that the case be dismissed "until such time as the Government is able to serve Megaupload with a criminal summons in accordance with Federal Rule of Criminal Procedure 4." (Dkt. 146 at 1.) The Government filed an opposition on January 13, 2013. (Dkt. 159.) Among other things, the Government argued that, even if the individuals are never extradited to the United States, the Government can simply ignore Rule 4's requirement that the summons be mailed to Megaupload's "last known address within the district or to its principal place of business elsewhere in the United States" and instead mail it to an alternate destination. (*See* Dkt. 159 at 3-4 (suggesting that the Government could mail the summons to the Commonwealth of Virginia's State Corporation Commission; or to the warehouse of third party vendor Carpathia Hosting; or to other third parties).) Previously, the Government had even suggested that Rule 4's mailing requirement is merely hortatory, and that "[s]ervice of process in the corporate context . . . is complete upon delivering the summons to an officer or agent" of the corporation. (Dkt. 117 at 9-10.)[1]

---

[1] In denying without prejudice Megaupload's original motion to dismiss, the Court noted, in passing, the prospect that Rule 4's mailing requirement, while mandatory, might be differentiated from its overall service requirement. (*See* Dkt. 127 at 1 n.1.) The Court, however, ultimately reserved any judgment about the matter.

On October 25, 2012—prior to the filing of Megaupload's renewed motion to dismiss without prejudice and the Government's subsequent opposition—then-Assistant Attorney General Lanny Breuer sent a letter on behalf of the Department of Justice to the Advisory Committee on the Criminal Rules, asking that Rule 4 be amended "to permit the effective service of a summons on a foreign organization that has no agent or principal place of business within the United States." (*See* Exhibit 1 at 1.) In the letter, the Government expressly acknowledges that, under the present version of the Rule, the Government has a "duty" to "serve the summons on an individual, such as an officer or agent—the delivery requirement—and to mail the summons to the organization's last known address within the district or its principal place of business in the United States—the mailing requirement." (*Id.* at 2.) The Government then argues in terms for *substantive* amendment based upon a *substantive* change in circumstances. According to the Government's October 25, 2012 letter, "The environment that influenced the original drafters of the Federal Rules of Criminal Procedure no longer exists," as the economy has become more "global," and "[e]lectronic communications continue to displace ordinary mail." (*Id.*) "This new reality," says the Government, "has affected federal criminal practice fundamentally." (*Id.* at 3.) After discussing *United States v. Johnson Matthew Plc*, No. 2:06-CR-169 DB, 2007 WL 2254676 (D. Utah Aug. 2, 2007) and *United States v. Pangang Group Co. Ltd.*, No. CR 11-00573 JSW, 2012 WL 3010958 (N.D. Cal. July 23, 2012)—cases in which courts rejected the Government's efforts to serve foreign corporation without properly complying with Rule 4's mailing requirement—the Government proposed that the Advisory Committee "remov[e] the mailing requirement from the rule" and that alternate forms of service be provided for serving an organization outside of the United States.

The Government's proposed amendments are as follows:

**Rule 4. Arrest Warrant or Summons on a Complaint**

\* \* \*

(c)  EXECUTION OR SERVICE, AND RETURN

    (1)  *By Whom*.  Only a marshal or other authorized officer may execute a warrant. Any person authorized to serve a summons in a federal civil action may serve a summons.

    (2)  *Location*.  A warrant may be executed, or a summons served, within the jurisdiction of the United States or anywhere else a federal statute authorizes an arrest.  <u>A summons may also be served at a place not within a judicial district of the United States.</u>

    (3)  *Manner*.

        (A)  A warrant is executed by arresting the defendant.  Upon arrest, an officer possessing the original or a duplicate original warrant must show it to the defendant.  If the officer does not possess the warrant, the officer must inform the defendant of the warrant's existence and of the offense charged and, at the defendant's request, must show the original or a duplicate original warrant to the defendant as soon as possible.

        (B)  A summons is served on an individual defendant:

            (i)  by delivering a copy to the defendant personally; or

            (ii)  by leaving a copy at the defendant's residence or usual place of abode with a person of suitable age and discretion residing at that location and by mailing a copy to the defendant's last known address.

        (C)  A summons is served on an organization <u>at a place within a judicial district of the United States</u> by delivering a copy to an officer, to a managing or general agent, or to another agent appointed or legally authorized to receive service of process.  ~~A copy must also be mailed to the organization's last known address within the district or to its principal place of business elsewhere in the United States.~~

        (D)  <u>A summons is served on an organization at a place not within a judicial district of the United States:</u>

            (i)  <u>by delivering a copy to an officer, to a managing or general agent, or to another agent appointed or legally authorized to receive service of process,</u>

<blockquote>
<blockquote>
in a manner authorized under the laws of the foreign jurisdiction where the officer or agent to be served is located, or
</blockquote>

(ii)   by other means reasonably calculated to give notice, including

<blockquote>
a) a stipulated means of service;

b) a means that a foreign authority undertakes in response to a letter rogatory or letter of request;

c) a means that a foreign authority undertakes in response to a request submitted under an applicable international agreement;

d) a means otherwise permitted under an applicable international agreement; or

e) other means upon request of an attorney for the government, as the court orders.
</blockquote>
</blockquote>

(*See* Exhibit 1 at 6-7.)

The Government's letter was recently made public as part of the agenda for the Criminal Rules Committee's April 25-26, 2013 meeting in Durham North Carolina. (*See* Agenda for April 25-26, 2013 Criminal Rules Committee Meeting, Tab 5, available at http://www.uscourts.gov/uscourts/RulesAndPolicies/rules/Agenda%20Books/Criminal/CR2013-04.pdf.)

## ANALYSIS

On a motion to dismiss, the court may take judicial notice of documents that are a matter of public record. *See Hall v. Virginia*, 385 F.3d 421, 424 n.3 (4th Cir.2004); *Marzouca v. GFG Realty Fund, LLC*, No. 7:12–cv–00062, 2012 WL 910010, at *1 n.2 (D.S.C. March 16, 2012). Federal Rule of Evidence 201 authorizes courts to take judicial notice of facts that are "not subject to reasonable dispute in that" they are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." FED. RULE EVID. 201(b). Further, Rule 201 mandates that, "at any stage of the proceeding," a court "must take judicial

notice if a party requests it and the court is supplied with the necessary information." *See* FED. R. EVID. 201(c), (d).

Here, the Government's letter to the Advisory Committee can and should be judicially noticed because it is "not subject to reasonable dispute" and its "accuracy cannot reasonably be questioned"; it is a publicly available document created and sent by the United States Department of Justice. The letter, a copy of which is attached as Exhibit 1, is on Department of Justice letterhead and is signed by then-Assistant Attorney General Lanny Breuer. (*See* Exhibit 1.) Courts regularly take notice of such Government records and publications. *See, e.g., Texas & Pac. Ry. Co. v. Pottorff*, 291 U.S. 245, 254 n.4 (1933), *amended on other grounds*, 291 U.S. 649 (1934) (taking judicial notice of official reports put forth by the Comptroller of the Currency); *Pueblo of Sandia v. United States*, 50 F.3d 856, 861 n.6 (10th Cir. 1995) (taking judicial notice of letters sent by state historical preservation officer); *Clemmons v. Bohannon*, 918 F.2d 858, 865 (10th Cir. 1990), *vacated on other grounds*, 956 F.2d 1523 (10th Cir. 1992) (taking judicial notice of government reports and Surgeon General's reports); *B.T. Produce Co. v Robert A. Johnson Sales, Inc.*, 354 F. Supp. 2d 284, 285-86 (S.D.N.Y. 2004) (taking judicial notice of U.S. Department of Agriculture report); *Del Puerto Water Dist. v. United States Bureau of Reclamation*, 271 F. Supp. 2d 1224, 1234 (E.D. Cal. 2003) (taking judicial notice of public documents, including Senate and House Reports); *Wietschner v. Monterey Pasta Co.*, 294 F. Supp. 2d 1102, 1108 (N.D. Cal. 2003) (taking judicial notice of press releases issued by the Securities and Exchange Commission).

The Government's letter is directly relevant to the Court's consideration of Megaupload's pending motion to dismiss without prejudice, as it contradicts the Government's repeated contention that it can validly serve Megaupload—a wholly foreign entity that has never had an

office in the United States—without regard for Rule 4's mailing requirement. To the contrary, the Government explicitly acknowledges in the letter that it has a "duty" under the current Rule to mail a copy of the summons to a corporate defendant's last known address within the district or to its principal place of business elsewhere in the United States. (*See* Exhibit 1 at 2.) Moreover, by seeking to have the mailing requirement eliminated, the Government implicitly admits it *cannot* validly serve Megaupload consistent with Rule 4 as currently written. Finally, contrary to the Government's contentions before this Court that Rule 4's existing provisions are mere accidents of drafting, the Government is acknowledging to the Advisory Committee that they are in fact well considered products of "the environment that influenced the original drafters of the Federal Rules of Criminal Procedure," albeit an environment that the Government believes "no longer exists," given what it calls the "new reality" of "federal criminal practice." (*Id.* at 2-3.) To the extent that the Government would urge this Court to work the same substantive modification of Rule 4 that it is urging upon the Advisory Committee, this Court should be forthrightly advised in the premises as to the nature of the Government's request and the reasoning behind it.

The Government's letter to the Advisory Committee thus confirms what Megaupload has argued all along—that the Government indicted Megaupload, branded it a criminal, froze every penny of its assets, took its servers offline, and inflicted a corporate death penalty, notwithstanding the fact that the Government had no prospect of serving the company in accordance with current law, yet to be amended. Megaupload should not be made to bear the burdens of criminal limbo while the Government seeks to rewrite the Federal Rules to suit its purposes.

**CONCLUSION**

For the foregoing reasons, specially appearing Defendant Megaupload Limited respectfully requests that the Court take judicial notice pursuant to Federal Rule of Evidence 201 of the Department of Justice's letter to the Advisory Committee on the Criminal Rules.

Dated: April 18, 2013

                                                        Respectfully submitted,

                                                          */s/ Heather H. Martin*

Ira P. Rothken                                 William A. Burck
ROTHKEN LAW FIRM                 Derek L. Shaffer
3 Hamilton Landing                   Heather H. Martin (VSB # 65694)
Suite 280                                        QUINN EMANUEL URQUHART &
Novato, CA 94949                     SULLIVAN LLP
(415) 924-4250                         1299 Pennsylvania Avenue N.W., Suite 825
(415) 924-2905 (fax)                Washington, D.C. 20004
ira@techfirm.net                      (202) 538-8000
                                                (202) 538-8100 (fax)
                                                williamburck@quinnemanuel.com
                                                derekshaffer@quinnemanuel.com
                                                heathermartin@quinnemanuel.com

                                                Carey R. Ramos
                                                Robert L. Raskopf
                                                Andrew H. Schapiro
                                                QUINN EMANUEL URQUHART &
                                                SULLIVAN LLP
                                                51 Madison Avenue, 22nd Floor
                                                New York, N.Y.  10010
                                                (212) 849-7000
                                                (212) 849-7100
                                                careyramos@quinnemanuel.com
                                                robertraskopf@quinnemanuel.com
                                                andrewschapiro@quinnemanuel.com

                                                *(Counsel for Defendant Megaupload Limited)*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 18, 2013, I caused the foregoing SPECIALLY APPEARING DEFENDANT MEGAUPLOAD LIMITED'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS RENEWED REQUEST FOR DISMISSAL OF THE SUPERSEDING INDICTMENT WITHOUT PREJUDICE to be filed and served electronically by the Court's CM/ECF system upon all registered users.

      */s/ Heather H. Martin*
Heather H. Martin (VSB # 65694)
QUINN EMANUEL URQUHART &
SULLIVAN LLP
1299 Pennsylvania Avenue N.W., Suite 825
Washington, D.C. 20004
(202) 538-8000
(202) 538-8100 (fax)
heathermartin@quinnemanuel.com