IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> v. ) <br> ) <br> KIM DOTCOM, et al., ) <br> ) <br> Defendants ) <br> ) | The Honorable Liam O'Grady <br><br> Criminal No. 1:12-CR-3 |

**REBUTTAL OF SPECIALLY APPEARING DEFENDANT
MEGAUPLOAD LIMITED IN SUPPORT OF ITS REQUEST FOR JUDICIAL NOTICE**

Specially Appearing Defendant Megaupload Limited ("Megaupload"), respectfully submits this reply in further support of its Request for Judicial Notice. (Dkt. 171.)

**A.   The Government Does Not Object to Judicial Notice**

The Government does not object to Megaupload's request that the Court take judicial notice of the Department of Justice's letter to the Advisory Committee on the Criminal Rules seeking Amendment of Rule 4. (*See* Dkt. 172 at 2 ("The United States takes no position regarding the request for judicial notice . . .").) As such, Megaupload's request should be granted.

**B.   By Its Letter, The Government Implicitly Acknowledges Its Inability to Effect Proper Service**

While the Government offers no protest to judicial notice, it nevertheless accuses Megaupload of mischaracterizing the Department's position in the letter, and insists that it never conceded that Rule 4's mailing provision is a mandatory requirement of valid service. (*See* Dkt. 172 at 2-3.) The plain language of the Government's letter shows otherwise:

> Rule 4(c)—former Rule 9(c)—regarding serving a summons on an organization reflected these realities *and imposed a duty on the government* to serve the

summons on an individual, such as an officer or agent—the delivery requirement—and to mail the summons to the organization's last known address within the district or its principal place of business in the United States—the mailing requirement.

(*See* Dkt. 171-1 at 2 (emphasis added).) Indeed, by the very relief that it seeks—asking that "Rule 4 be amended to remove *the requirement* that a copy of the summons be sent to the organization's last known mailing address within the district or principal place of business within the United States"—the letter implicitly acknowledges that the Government cannot properly serve Megaupload under the existing Rule. (*See id.* at 1 (emphasis added).) The letter therefore directly bears upon and supports Megaupload's pending request for dismissal of the Superseding Indictment. (*E.g.,* Dkt. 146.)

### C. The *Pangang* Court Recently Reaffirmed the Mandatory Nature of Rule 4's Mailing Provision

Attempting to retreat from the concessions in its letter, the Government points to *United States v. Kolon Industries, Inc.*, 2013 WL 682896 (E.D. Va. Feb. 22, 2013), which concluded that Rule 4's insistence that the summons "must" be mailed to the corporation's last known address within the district or its principal place of business in the United States does not actually mean what it says. According to the court in *Kolon*, the mailing "requirement" is no requirement at all. The Government's reliance on *Kolon* is misplaced, however, as its reasoning and conclusion are directly contradicted by the express terms of the Rule itself. In a more recent case, *United States v. Pangang Group*, a judge in the Northern District of California rejected *Kolon* and reaffirmed that Rule 4's mailing provision is a prerequisite to valid service of process on a corporation:

> It is true that the mailing requirement does not use the term "serve," whereas the delivery requirement does. Further, as the *Kolon* court noted, "courts must presume that a legislature says in a statute what it means and means in a statute what it says there." The *Kolon* court, however, did not fully address the fact that

> the mailing requirement uses the term "must," which connotes a mandatory requirement, rather than a hortatory or precatory requirement. *The Court, therefore, assumes that the drafters intended the mailing requirement to be a mandatory component of effective service*. This interpretation is reinforced by the fact that the admonition that a copy of the summons must be mailed is repeated in the Advisory Committee notes. *See* FED. R. CRIM. P. 4, 2002 Amendments, advisory committee note ("Under the amended rule, in all cases in which a summons is being served on an organization, a copy of the summons must be mailed to the organization."). Further, when one examines the text of Rule 4, in its entirety, it is apparent that the drafters knew how to account for contingencies. *See, e.g.,* FED. R. CRIM. P. 4(b)(1)(A), 4(c)(3)(A).

*United States v. Pangang*, No. CR 11-00573-7 JSW, Dkt. 293 at 9 (N.D. Cal. Apr. 8, 2013) (internal citation omitted) (emphasis added).[1] The holding of *Pangang*—unlike the holding in *Kolon*—is consistent not only with prior precedent, *see, e.g., United States v. Johnson Matthey PLC*, 2007 WL 2254676, at *1-2 (D. Utah Aug. 2, 2007) (recognizing that "Rule 4 has two requirements" and quashing service of the summons because the Government failed to satisfy the mailing requirement), but also with the Department of Justice's own position in its letter to the Advisory Committee. It thus further supports Megaupload's request that the Superseding Indictment be dismissed unless and until the Government is able to comply with *both* the delivery and mailing requirements of Rule 4.

### D. The Government Now Admits That, Absent Dismissal, Megaupload Will Be Indefinitely Stuck in Criminal Limbo

Since first seeking dismissal, Megaupload has maintained that the Government has no prospect of *ever* serving the company in compliance with Rule 4. As a result, Megaupload is trapped in a state of criminal limbo, where it is subjected to daily, irreparable harm from criminal indictment and the seizure of its assets, while being denied the benefits of the adversarial process and protections. The Government's repeated response has been that "the United States will be in a position to serve Defendant Megaupload with a summons through the individual codefendants,

---

[1] A copy of the Court's decision in *Pangang* is attached as Exhibit 1.

who are officers and agents of the organization, after they arrive in the United States following extradition." (*E.g.* Dkt. 159 at 3.)

The Government has now changed its tune, claiming that because of delays in the extradition process, "it is likely that any 'temporary' dismissal would be permanent and contrary to the interests of justice."[2] (*See* Dkt. 172 at 2 n.2; *see also id.* at 6 ("Such dismissal, even without prejudice, would harm (perhaps fatally) the government's ability to fully prosecute serious criminal conduct of the corporate defendant Megaupload . . . .").) The Government thus seems to confirm what this Court has already observed—namely, "that the individual defendants may never be extradited" (Dkt. 127 at 5 n.6.) and criminal proceedings may therefore never commence. Given this reality, due process demands that the Superseding Indictment be dismissed.

---

[2] The Government falsely suggests, once again, that delays in the extradition process are attributable to the individual defendants. As noted in previous pleadings, it was the *Government* that has delayed extradition proceedings by filing appeals of the New Zealand courts' rulings. More importantly, the appeals have been necessitated by the fact that the Government has been found to have participated in unlawful activity, as determined by two separate branches of the New Zealand government.

## **CONCLUSION**

For the foregoing reasons, specially appearing Defendant Megaupload Limited respectfully requests that the Court take judicial notice pursuant to Federal Rule of Evidence 201 of the Department of Justice's letter to the Advisory Committee on the Criminal Rules.

Dated: May 8, 2013

Respectfully submitted,

_____/s/ Heather H. Martin_____

| | |
|---|---|
| Ira P. Rothken | William A. Burck |
| ROTHKEN LAW FIRM | Derek L. Shaffer |
| 3 Hamilton Landing | Heather H. Martin (VSB # 65694) |
| Suite 280 | QUINN EMANUEL URQUHART & |
| Novato, CA 94949 | SULLIVAN LLP |
| (415) 924-4250 | 1299 Pennsylvania Avenue N.W., Suite 825 |
| (415) 924-2905 (fax) | Washington, D.C. 20004 |
| ira@techfirm.net | (202) 538-8000 |
| | (202) 538-8100 (fax) |
| | williamburck@quinnemanuel.com |
| | derekshaffer@quinnemanuel.com |
| | heathermartin@quinnemanuel.com |

Carey R. Ramos
Robert L. Raskopf
Andrew H. Schapiro
QUINN EMANUEL URQUHART &
SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, N.Y. 10010
(212) 849-7000
(212) 849-7100
careyramos@quinnemanuel.com
robertraskopf@quinnemanuel.com
andrewschapiro@quinnemanuel.com

*(Counsel for Defendant Megaupload Limited)*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 8, 2013, I caused the foregoing REBUTTAL OF SPECIALLY APPEARING DEFENDANT MEGAUPLOAD LIMITED IN SUPPORT OF ITS REQUEST FOR JUDICIAL NOTICE to be filed and served electronically by the Court's CM/ECF system upon all registered users.

                    */s/ Heather H. Martin*
                  Heather H. Martin (VSB # 65694)
                  QUINN EMANUEL URQUHART &
                  SULLIVAN LLP
                  1299 Pennsylvania Avenue N.W., Suite 825
                  Washington, D.C. 20004
                  (202) 538-8000
                  (202) 538-8100 (fax)
                  heathermartin@quinnemanuel.com