**quinn emanuel** trial lawyers | washington, dc

1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia 20004-2400 | TEL: (202) 538-8000 FAX: (202) 538-8100

WRITER'S DIRECT DIAL NO.
(202) 538-8120

WRITER'S INTERNET ADDRESS
williamburck@quinnemanuel.com

July 3, 2013

VIA EMAIL

Jay V. Prabhu
Chief, Cybercrime Unit, Assistant United States Attorney
United States Attorney's Office, Eastern District of Virginia
Justin W. Williams United States Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314

Re: *United States v. Kim Dotcom, et al., Case No. 1:12-cr-3 (Eastern District of Virginia)*

Dear Jay:

As you are likely aware, it was recently revealed that on February 1, 2013, LeaseWeb deleted all data from 630 servers previously leased to Megaupload. This wholesale destruction of millions of Megaupload users' personal files was in direct contravention of Megaupload's and Electronic Frontier Foundation's ('EFF') repeated requests to LeaseWeb for data preservation pending resolution of the U.S. criminal case. Specifically, in a letter dated April 3, 2012, EFF wrote to Leaseweb "to formally request that [LeaseWeb] preserve that material both for purposes of contemplated future litigation and as a matter of obligation and courtesy to the innocent individuals whose materials have unfortunately been swept up into this case." EFF's letter further requested "that anyone with access to our client's materials, or evidence potentially relevant to an action filed on behalf of our client or other similarly situated third parties, immediately institute a litigation hold that covers all reasonably potentially relevant evidence, e.g., the complete set of data on servers used by Megaupload." Similarly, on March 1, 2012, Megaupload asked LeaseWeb to confirm "that it will preserve the Megaupload data," noting that "this request is supported by multiple axiomatic reasons including that it is relevant evidence in a pending criminal case in the US, potential civil case(s), and destruction of such data will interfere with the possible return of such data to consumers." Copies of the EFF and Megaupload letters are enclosed for your reference.

**quinn emanuel urquhart & sullivan, llp**

LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois 60661-2510 | TEL (312) 705-7400 FAX (312) 705-7401
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44 20 7653 2000 FAX +44 20 7653 2100
TOKYO | NBF Hibiya Building, 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711 FAX +81 3 5510 1712
MANNHEIM | Mollstraße 42, 68165 Mannheim, Germany | TEL +49 621 43298 6000 FAX +49 621 43298 6100
MOSCOW | Paveletskaya Plaza, Paveletskaya Square, 2/3, 115054 Moscow, Russia | TEL +7 499 277 1000 FAX +7 499 277 1001
HAMBURG | An der Alster 3, 20099 Hamburg, Germany | TEL +49 40 89728 7000 FAX +49 40 89728 7100

In addition to destroying petabytes of Megaupload user data, Leaseweb's actions have impaired our clients' defense, as the servers contained vast amounts of potentially exculpatory evidence directly relevant to the U.S. criminal case. While LeaseWeb's deletion of relevant evidence in the face of explicit preservation requests is inexcusable, the United States is equally culpable. The Government was plainly on notice of the need to preserve the LeaseWeb servers.[1] As Megaupload has long maintained, by freezing the Defendants' assets and denying Defendants access to or possession of the servers, the Government has exercised *de facto* control over the servers and is therefore in constructive possession of them. Under *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, the Government had an affirmative duty to ensure the preservation of the LeaseWeb servers and the exculpatory evidence they may have contained. The Government failed to do so.

In light of this destruction of evidence and the potential *Brady* violations it entails, it is critical for us to understand the extent to which LeaseWeb consulted with the U.S. Department of Justice or other U.S. authorities prior to wiping the data. We therefore request copies of any correspondence or communications between LeaseWeb and U.S. officials, whether direct or through Dutch authorities, from January 19, 2012 to the present.

Please do not hesitate to contact us if you wish to discuss this matter further.

Sincerely,

William Burck /SH

William A. Burck
Quinn Emanuel Urquhart & Sullivan, LLP

Ira Rothken /SH

Ira P. Rothken
The Rothken Law Firm

Enclosures

cc: The Honorable Liam O'Grady, United States District Judge

---

[1] *See, e.g.*, April 3, 2012 Letter from EFF to LeaseWeb (Dkt. 57); Megaupload's Response to Emergency Motion for Protective Order by Carpathia Hosting, Inc. (Dkt. 67-1), at 7 n.4 ("Like Carpathia, Leaseweb is refusing to continue to maintain the servers as of April 13 absent appropriate compensation. Megaupload would hope to use its assets upon release by the Court to ensure preservation on that front as well."); April 18, 2012 Letter from Megaupload to Jay V. Prabhu, at 2 ("Because a similar problem exists with servers currently maintained by Leaseweb in the Netherlands, we hope and envision that the ultimate solution for preservation of the servers held by Carpathia can likewise be applied to those in Leaseweb's possession."). A copy of the April 18, 2012 letter is enclosed for your reference.