**quinn emanuel** trial lawyers | washington, dc

1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia 20004-2400 | TEL (202) 538-8000 FAX (202) 538-8100

WRITER'S DIRECT DIAL NO.
**(202) 538-8120**

WRITER'S INTERNET ADDRESS
**williamburck@quinnemanuel.com**

December 4, 2013

Honorable Liam O'Grady
Albert F. Bryan U.S. Courthouse
401 Courthouse Square
Alexandria, VA 22314

Re:   United States v. Kim Dotcom, et al., Case No. 1:12-cr-00003

Dear Judge O'Grady:

It has been brought to our attention by Mr. Dotcom's New Zealand counsel that this Court issued a sealed *ex parte* order on November 22, 2013, which requires that the Government publicly disseminate, through trade associations and a press release, certain information related to the above-captioned matter. Defendants strongly object to the *ex parte* nature of the Government's submission to this Court and respectfully request that the Court (1) grant the undersigned counsel leave to enter a limited and special appearance on behalf of Defendants Kim Dotcom and Megaupload in order to seek the relief requested in this letter; (2) withdraw its November 22 order; (3) grant Defendants immediate access to the Government's submissions; and (4) provide Defendants a fair opportunity to oppose the Government's request, as due process requires.

It is well-settled that *ex parte* submissions and proceedings are greatly disfavored. *See, e.g., RZS Holdings AVV v. PDVSA Petroleo S.A.*, 506 F.3d 350, 356-57 (4th Cir. 2007) (noting that *ex parte* proceedings "present substantial due process concerns, and our courts are necessarily and properly reluctant to participate in them"); *see also* Code of Judicial Conduct for United States Judges, Canon 3(A)(4) (a judge "should ... neither initiate nor consider *ex parte* or other communications concerning a pending or impending proceeding"). As the Fourth Circuit has recognized, "as a general rule, *ex parte* communications by an adversary party to a decision-maker in an adjudicatory proceeding are prohibited as fundamentally at variance with our conceptions of due process." *Thompson v. Greene*, 427 F.3d 263, 269 n.7 (4th Cir.2005) (internal quotation omitted). Other circuits likewise hold that *ex parte* communications "should be avoided whenever possible." *See United States v. Napue*, 834 F.2d 1311, 1318 (7th Cir.1987); *In re Paradyne Corp.*, 803 F.2d 604, 612 (11th Cir.1986) (explaining that *ex parte* hearings are disfavored because they conflict with a fundamental precept of our system of justice—that a fair hearing requires "reasonable opportunity to know the claims of the opposing party and to meet them").

**quinn emanuel urquhart & sullivan, llp**

LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG

In the present instance, the Government's covert filing has deprived Defendants of their due process right to meet and oppose the Government's request, and has done so without justification. The Defendants in this case have been indicted, their assets have been frozen, their business has been destroyed, and their liberty has been restrained. Given these constraints, it is unclear what evils the Government fears the Defendants will inflict if provided notice of the Government's submission, beyond having Defendants' counsel come into court to make opposing arguments. This cannot possibly be a warrant for proceeding *ex parte*, or else the Government would always seek to proceed *ex parte* – on the premise that criminal proceedings would otherwise become delayed, burdensome, and messy if criminal defendants were permitted to offer opposing views in their own defense.

Since they were denied access to the Government's submission, Defendants cannot know for certain what grounds the Government put forward to justify *ex parte* treatment of its request. Based on the affidavit of Assistant United States Attorney Ryan Dickey that was recently filed with the New Zealand court, it appears that the Government is asserting that it needs to publish the information as soon as possible because the alleged victims' property rights are subject to impending statutes of limitations. *See* Affidavit of Ryan Dickey Concerning Victim Notification Obligations in Support of Application to Lift Non-Publication Order, CRI-2012-092-1647, North Shore District Court, Auckland (November 26, 2013) ("Dickey Affidavit"), at ¶ 8. Any claimed urgency, however, is entirely manufactured, given that the Government first indicted the Defendants on January 5, 2012 and has made no previous effort to publicize the information. Having sat on its hands for nearly two years, the Government cannot credibly claim that circumstances are sufficiently exigent to outweigh Defendants' due process rights. During that two year period, in fact, the Government did not merely stand idly by, but in fact actively sought to preclude any public ventilation of the facts of this case – as the Government initiated the proceedings in secret, was content to let potentially exculpatory server data spoliate, and vigorously resisted any airing of the merits through a *Farmer* hearing. Now, after two years, the Government is suddenly reversing course and claiming it is imperative to get its biased, selective account of the evidence out to the public. This claim of emergency rings hollow.

It is critical that Defendants be granted an opportunity to submit an opposition, as the Government's requested relief is contrary to law. Citing the Crime Victims Rights Act ("CVRA"), 18 U.S.C. § 3771, as authority for its request, the Government seeks to publish its selective account of the facts in order to assist alleged victims in bringing civil lawsuits against the Defendants. *See* Dickey Affidavit at ¶ 8 ("victims must have access to a summary of such evidence as soon as possible, in order to have a reasonable opportunity to vindicate their property rights in civil court"). Nothing in the CVRA supports this attempt to provide alleged victims with civil discovery. To the contrary, the Fourth Circuit has indicated that the CVRA is "silent and unconcerned with victims' rights to file civil claims against their assailants." *United States v. Moussaoui*, 483 F.3d 220, 234-35 (4th Cir. 2007); *cf. In re Kenna*, 453 F.3d 1136, 1137 (9th Cir.2006) (holding that nothing in the CVRA's language or legislative history confers a right for crime victims to obtain disclosure of a pre-sentencing report).

In addition to being contrary to law, the Government's request also substantially prejudices the Defendants in this case. Permitting the Government to widely disseminate a one-sided, cherry-picked set of facts threatens to improperly infect the jury pool before Defendants are afforded any opportunity to present their side of the story. *See Patterson v. Colorado ex rel. Attorney General of*

*Colo.*, 205 U.S. 454, 462 (1907) ("The theory of our [trial] system is that the conclusions to be reached in a case will be induced only by evidence and argument in open court, and not by any outside influence, whether of private talk or public print."); *Rideau v. Louisiana*, 373 U.S. 723, 726-27 (1963) (reversing conviction where jury pool was tainted by pre-trial broadcast); *Irvin v. Dowd*, 366 U.S. 717, 727 (1961) (reversing conviction where widespread and inflammatory publicity had preceded the trial). Additionally, the Government's request also implicates important privacy rights of Defendants' former customers by seeking to publicize MD5 hash values for files that were stored on or distributed through Defendants' computer servers. *See* Electronic Communications Privacy Act, 18 U.S.C. §§ 2701-2712 (creating statutory privacy rights for customers and subscribers of computer network service providers). It is thus imperative that Defendants are given the chance to be heard in opposition to the Government's overbroad and improper request.

From the outset of this prosecution, the Government has sought to deny Defendants any semblance of due process. The Government has frozen every penny of Defendants' assets, made frivolous attempts to disqualify Defendants' counsel of choice, and sought at every turn to block Defendants from even filing briefs in their own defense. The instant effort to circumvent the adversarial process through an *ex parte* filing is merely the latest example of this troubling pattern. Defendants respectfully ask this Court to reject the Government's assault on Defendants' due process rights and to reverse the harm that has already been done by the Government's latest offense by (1) granting the undersigned counsel leave to enter a limited and special appearance on behalf of Defendants Kim Dotcom and Megaupload in order to seek the relief requested herein; (2) withdrawing the Court's November 22, 2013 order; (3) granting Defendants immediate access to the Government's submissions which formed the basis for the November 22 order; and (4) affording Defendants an opportunity to meet and oppose the Government's filings.

Respectfully submitted,

William A. Burck /sh                        Ira Rothken /sh

William A. Burck                             Ira Rothken
Quinn Emanuel Urquhart & Sullivan LLP        The Rothken Law Firm

cc:    Jay V. Prabhu, Assistant United States Attorney, counsel for the United States
       Marc J. Zwillinger, counsel for Carpathia Hosting, Inc.
       Julie P. Samuels, counsel for Kyle Goodwin
       Paul M. Smith & Julie M. Carpenter, counsel for Motion Picture Association of America
       W. Clifton Holmes, counsel for Valcom, Inc. and Microhits, Inc.