IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>KIM DOTCOM, et al.,<br><br>Defendants. | The Honorable Liam O'Grady<br><br>Criminal No. 1:12-CR-3 |

**[PROPOSED] SPECIALLY APPEARING DEFENDANTS KIM DOTCOM'S AND MEGAUPLOAD LIMITED'S FURTHER RESPONSE IN SUPPORT OF THEIR LETTER TO THE COURT DATED DECEMBER 4, 2013**

Specially Appearing Defendants Kim Dotcom and Megaupload Limited ("Megaupload"), respectfully submit this further response in support of their letter to the Court dated December 4, 2013 (Dkt. 186) and in opposition to the Government's response thereto (Dkt. 187).

A.  **The Government Publicly Disseminated the Court's Sealed Order**

The Government's response suggests that the undersigned counsel acted improperly by filing the Defendants' December 4, 2013 letter—which did *not* attach the Court's sealed order of November 22, 2013 and only discussed the order in general terms—on the PACER docket. (*See* Dkt. 187 at 1 n.2). This allegation of impropriety is puzzling, given the Government's own *public* dissemination and discussion of the Court's sealed order.

While the Government correctly notes that it sought and obtained authorization from the Court to provide a copy of the sealed order to the New Zealand court, the Government neglects to mention how it provided that copy. Rather than submitting the order to the New Zealand court *in camera* or under seal, the Government attached the Court's November 22 order to a publicly filed affidavit. *See* Affidavit of Ryan Dickey Concerning Victim Notification Obligations in

Support of Application to Lift Non-Publication Order, CRI-2012-092-1647, North Shore District Court, Auckland (November 26, 2013) ("Dickey Affidavit"). Moreover, during the hearing on the Government's application to the New Zealand court to lift the non-publication order regarding the Record of the Case, counsel arguing on behalf of the United States did not in any way suggest to the Court that the hearing should be *in camera*, or that the media should be excluded. Nor did she request that the court file be sealed. To the contrary, counsel arguing on behalf of the Government discussed the sealed order and its contents in open court, in the presence of the public and the media. *See* Affidavit of Ira Rothken, dated December 10, 2013, attached hereto ("Rothken Affidavit"), at ¶ 6. A reporter in New Zealand subsequently reported on the hearing and on the content of the Court's sealed order. Rothken Affidavit, at ¶ 7.

The Government, thus, is in no position to criticize the filing of Defendants' letter, having publicly disseminated and discussed the sealed order itself.

### B. The Government's *Ex Parte* Submission Was Improper

The Government does not dispute that *ex parte* submissions are greatly disfavored. Nor can it. *See, e.g., RZS Holdings AVV v. PDVSA Petroleo S.A.*, 506 F.3d 350, 356-57 (4th Cir. 2007) (noting that *ex parte* proceedings "present substantial due process concerns, and our courts are necessarily and properly reluctant to participate in them"); *see also Thompson v. Greene*, 427 F.3d 263, 269 n.7 (4th Cir.2005) ("[A]s a general rule, *ex parte* communications by an adversary party to a decision-maker in an adjudicatory proceeding are prohibited as fundamentally at variance with our conceptions of due process.") (internal quotation omitted); *United States v. Napue*, 834 F.2d 1311, 1318 (7th Cir.1987) (holding that *ex parte* communications "should be avoided whenever possible"); *In re Paradyne Corp.*, 803 F.2d 604, 612 (11th Cir.1986) (explaining that *ex parte* hearings are disfavored because they conflict with a fundamental

precept of our system of justice—that a fair hearing requires "reasonable opportunity to know the claims of the opposing party and to meet them").

Instead, the Government argues that it is free to trample on Defendants' due process rights and to seek unlimited *ex parte* relief from this Court in violation of Defendants' rights because the undersigned counsel have "strategically and repeatedly refuse[d] to be involved in the case." (Dkt. 187 at 2).[1] The Government's assertion that counsel have actively evaded entering an appearance or subjecting themselves to the Court's jurisdiction is disingenuous and frankly beyond the pale. The Government knows full well that Defendants Dotcom and Megaupload are represented by the undersigned counsel, who have repeatedly sought this Court's leave to protect Defendants' rights and pursue their interests. (*See, e.g.,* Dkts. 59, 96, 120, 128, 133, 153). The Government is also well-aware that counsel and Defendants have vigorously sought the ability to enter appearances in this case, both by seeking *Farmer* relief to unfreeze assets necessary to fund their defense, (*see* Dkt. 96) and by offering to waive service and appear for trial provided only that the Government agree to release sufficient funds to permit Megaupload to defend itself (*see* Dkt. 137-3). Yet at every juncture, the Government has done everything within its power to ensure that Defendants are denied the means to mount an effective defense.

The Government knows that Defendants have counsel who are ready, willing, and able to defend them in this matter,[2] if only the Government will unfreeze sufficient funds (which were

---

[1] The Government also recycles its frivolous arguments regarding the fugitive disentitlement doctrine and non-existent conflicts of interest. Defendants have repeatedly refuted these baseless contentions and incorporate by reference their previous arguments on these points. (*See* Dkt. 79 at 10-14; Dkt. 107 at 5-12).

[2] As the Court and the Government are aware, one of the undersigned counsel, Ira Rothken, has already entered an appearance on behalf of Defendants Dotcom and Megaupload in the related civil case, *Microhits, Inc., et al. v. Megaupload Ltd., et al.*, No. 1:12-cv-327. In

improperly frozen in the first place) to permit Megaupload to defend itself—as is, we respectfully continue to submit, Megaupload's constitutional right according to *United States v. Farmer*, 274 F.3d 800 (4th Cir. 2001). Indeed, the Government's suggestion that it is free to prejudice Defendants' rights with impunity unless and until counsel enter a formal appearance on Defendants' behalf, only further demonstrates the need for *Farmer* relief in this matter. For that reason, concurrent with the present filing, counsel will be renewing their request for leave to file a *Farmer* motion.

The Court should also account for the current procedural posture of this case, wherein the Government has to date made no effort whatsoever to serve the corporate defendant. As we have previously argued, the Government's failure to serve the company is subjecting Megaupload to daily, irreparable harm. (*See, e.g.,* Dkt. 163 at 9-10). To now permit the Government to exploit its own failure to initiate formal criminal proceedings, by seeking to prejudice the company's rights without so much as notice or the opportunity to be heard, would only compound the ongoing due process violation.

### C. Nothing in the CVRA Justifies the Government's Violation of Defendants' Due Process Rights to be Heard in Opposition

The Government attempts to justify its disregard for Defendants' due process rights by arguing that the Crime Victims Rights Act ("CVRA") mandates publication of the Government's one-sided, cherry-picked account of the evidence in order to enable alleged victims to bring civil suits against Defendants. However, the CVRA includes no such requirement, as courts have previously held. *See United States v. Moussaoui*, 483 F.3d 220, 234-35 (4th Cir. 2007) (noting

---

addition to demonstrating counsel's commitment to this case, Mr. Rothken's involvement in the civil matter further highlights the need to provide Defendants with notice and opportunity to be heard regarding the Government's request, since the purported basis for the request is to enable alleged victims to file additional civil lawsuits.

that the CVRA is "silent and unconcerned with victims' rights to file civil claims against their assailants"); *cf. In re Kenna*, 453 F.3d 1136, 1137 (9th Cir.2006) (holding that nothing in the CVRA's language or legislative history confers a right for crime victims to obtain disclosure of a pre-sentencing report). The Government seeks to distinguish the cited authorities on the basis that the Government opposed releasing the requested information to the victims in those cases. (*See* Dkt. 187 at 3-4). However, the Government offers no explanation as to why the CVRA's mandate or the rights of victims under that statute should change depending on whether or not the Government is in favor of releasing the requested information. The Government—the party seeking *ex parte* relief, and therefore the party that bears the burden of establishing its entitlement to that relief—has not cited a single authority for its position that the CVRA permits, let alone *requires*, the publication of otherwise non-public evidence for the purpose of assisting alleged victims in the filing of civil lawsuits. Nor has it cited any precedent to show that such a requirement is sufficiently critical to necessitate *ex parte* treatment.[3]

The Government's effort to downplay the prejudice that Defendants will suffer if the Government is permitted to widely disseminate its cherry-picked set of facts to the potential jury pool fares no better. For example, the Government contends that "regardless of any possible order from this Court, the very information defendants now seek to keep from disclosure will be made public by the New Zealand District Court at the time of defendants' extradition hearing." (Dkt. 187 at 5). This argument ignores, however, that Defendants will be represented by counsel at the extradition hearing and will thereby have an opportunity to challenge the Government's allegations against them. By contrast, the proposed press release and distribution would allow

---

[3] Nor can the Government credibly claim that the need for victim notification is sufficiently urgent to require *ex parte* relief, since the Government has waited nearly two years before bringing its request.

the Government to spread its one-sided version of the evidence to the potential jury pool without affording Defendants any opportunity to confront that evidence.

The present filing is not the proper vehicle for further wrangling over the merits of the Government's request to unseal and publish the Record of the Case. Rather, for present purposes, the very existence of a dispute between the Government and the Defendants over the proprietary of such publication and the harm that will follow if it is permitted, is sufficient to show that Defendants need the opportunity to file a fulsome opposition to the Government's requested relief and to be heard in opposition.[4]

### D. The New Zealand Court is Waiting to See Whether This Court Grants Defendants an Opportunity to be Heard in Opposition

The North Shore District Court in Auckland heard argument on the Government's application to lift the non-publication order on December 5, 2013 (December 4, 2013 in the United States). The Court declined to rule on the Government's requested relief until such time as it can discern whether this Court will "act in some manner" to afford Defendants the opportunity to be heard in opposition to the Government's request. *See* Rothken Affidavit at ¶ 8. The New Zealand court is thus awaiting this Court's guidance before deciding whether to unseal the Record of the Case in that matter. The New Zealand court has set a status conference on the Government's application to lift the non-publication order for this Friday, December 13, 2013 (Thursday, December 12, 2013 in the United States).

---

[4] Defendants also noted in their December 4 letter that the Government's request implicates important consumer data and privacy issues. This Court has already recognized that Defendants (as well as other third parties, such as Carpathia Hosting, Inc. and innocent users whose property was affected by the Government's seizure of the website) should be involved in addressing such issues. (*See* Dkt. 87 (ordering interested parties to meet and confer before the magistrate judge regarding consumer data issues); *see also* Dkt. 188 (stressing the need to address "the rights of the many users of the service who have lost their property but who have not been accused of copyright infringement"). There is simply no basis for the Government to seek *ex parte* relief and thereby deprive these stakeholders of any opportunity to be heard.

In light of the New Zealand court's deference to this Court, combined with the gravity of the due process rights at issue here, the Defendants respectfully ask this Court to rule forthwith on their request for an opportunity to oppose the Government's *ex parte* filing. At the very least, Defendants ask this Court to grant the undersigned counsel leave to enter a limited and special appearance on Defendants' behalf, so that counsel can schedule a hearing regarding the relief requested in their December 4, 2013 letter.

- 8 -

**CONCLUSION**

  For the foregoing reasons, specially appearing Defendants Kim Dotcom and Megaupload Limited respectfully request that the Court (1) grant the undersigned counsel leave to enter a limited and special appearance on behalf of Defendants Kim Dotcom and Megaupload in order to seek the relief requested in their December 4, 2013 letter to the Court (Dkt. 186); (2) withdraw the Court's November 22, 2013 order; (3) grant Defendants immediate access to the Government's submissions which formed the basis for the November 22 order; and (4) afford Defendants an opportunity to meet and oppose the Government's filings.

Dated:  December 11, 2013

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | _____/s/ Heather H. Martin_____ |
| Ira P. Rothken | William A. Burck |
| ROTHKEN LAW FIRM | Derek L. Shaffer |
| 3 Hamilton Landing | Heather H. Martin (VSB # 65694) |
| Suite 280 | QUINN EMANUEL URQUHART & |
| Novato, CA 94949 | SULLIVAN LLP |
| (415) 924-4250 | 777 6th Street NW, 11th Floor |
| (415) 924-2905 (fax) | Washington, D.C. 20001 |
| ira@techfirm.net | (202) 538-8000 |
|  | (202) 538-8100 (fax) |
|  | williamburck@quinnemanuel.com |
|  | derekshaffer@quinnemanuel.com |
|  | heathermartin@quinnemanuel.com |
|  | *(Counsel for Defendant Megaupload Limited)* |

## CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2013, I caused the foregoing [PROPOSED] SPECIALLY APPEARING DEFENDANTS KIM DOTCOM'S AND MEGAUPLOAD LIMITED'S FURTHER RESPONSE IN SUPPORT OF THEIR LETTER TO THE COURT DATED DECEMBER 4, 2013 to be filed and served electronically by the Court's CM/ECF system upon all registered users.

                         */s/ Heather H. Martin*
                        Heather H. Martin (VSB # 65694)
                        QUINN EMANUEL URQUHART &
                        SULLIVAN LLP
                        777 6th Street NW, 11th Floor
                        Washington, D.C. 20001
                        (202) 538-8000
                        (202) 538-8100 (fax)
                        heathermartin@quinnemanuel.com