IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *et al.*, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | The Honorable Liam O'Grady |
| | ) | |
| KIM DOTCOM, *et al.*, | ) | 12 CR 3 |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF RENEWED MOTION FOR
PROTECTIVE ORDER**

On March 20, 2012, non-party Carpathia Hosting, Inc. moved for an order to protect it from undue expense and burden resulting from the continued storage of 1,103 computer servers containing 25 petabytes (25 million gigabytes) of data, which were used to provide services to Megaupload Limited ("Mega"). *See* Exhibit A, Memorandum of Law in Support of Emergency Motion for Protective Order by Non-Party Carpathia Hosting, Inc., ECF No. 39 (March 20, 2012). Specifically, Carpathia Hosting, Inc. sought the entry of a protective order that either: (1) required the parties to the criminal case to take possession of the Mega Servers until the completion of the case, in exchange for reasonable compensation to Carpathia Hosting, Inc.; (2) required the parties to reimburse Carpathia Hosting, Inc. for the cost of transport and storage of the Mega Servers; or (3) allowed Carpathia Hosting, Inc. to delete the data and re-provision the Mega Servers until after a brief, but reasonable, period of access for selective copying under an approved procedure. *Id.* at 9-10. The Court held a hearing on April 13, 2012, and ordered that the parties meet and confer in front of a magistrate judge within two weeks following the order.

1

*See* Exhibit B, Order, ECF No. 87 (April 18, 2012). The Court also requested that the parties notify the Court in the event that an agreement could not be reached. *See* Exhibit C, Hearing Transcript, ECF No. 84, at 39:1-2 (April 13, 2012). The parties met and conferred, but no agreement has yet been reached.

Since that time, Carpathia Holdings, LLC and Carpathia Acquisition, Inc. entered into a stock purchase agreement with QTS Realty Trust, Inc. ("QTS") on May 6, 2015. Pursuant to this agreement, QTS agreed to acquire Carpathia Acquisition, Inc. and its subsidiaries, including Carpathia Hosting, Inc. ("Carpathia"). Carpathia is now an indirect, wholly-owned subsidiary of QTS, and as a result, QTS now owns the servers.

As the successor-in-interest to Carpathia, QTS now requests judicial relief from the physical and financial burden of storing and maintaining the 1,103 computer servers at issue. As the servers have not been used for the purposes of any litigation since the filing of Carpathia's Motion for Protective Order on March 20, 2012, QTS seeks an Order from the Court allowing for disposition of the servers and data.

There is no reason here for QTS to have to bear the costs of storage: approximately $5,760 per month. Not only is QTS not a party to this action, but also has no interest whatsoever in the data contained on the servers. Moreover, QTS does not have actual possession of the data at issue in this matter, and only the physical hardware itself. The burdens associated with storing the computer servers should not have to fall upon QTS, and QTS now renews Carpathia's Motion for Protective Order.

**ARGUMENT**

The grounds upon which Carpathia's motion is based have not changed since the motion was first filed. Accordingly, QTS is satisfied to rely on the arguments and authorities presented

in Carpathia's motion, attached as Exhibit A. First, as Carpathia demonstrated in its initial motion for protective order, compliance with a subpoena to produce or provide access to the computer servers would be unduly burdensome. Ex. A, at 7-8. Carpathia—and now QTS—cannot be required to bear the burden of preserving the data. QTS does not have the ability to access the data because, like Carpathia, it only has access to the computer hardware.

Second, courts have held that even in the civil context, a non-party such as Carpathia—and now QTS—is protected from having to bear the costs of preserving data. Ex. A, at 8-9; *see also Last Atlantis Capital, LLC v. AGS Specialist Partners*, 04 C 0397, 2011 WL 6097769 (N.D. Ill. Dec. 5, 2011) (finding that defendant need not bear any costs of production where it "is neither producing nor requesting, and has no independent need for the data"); *United States v. CBS*, 666 F.2d 364, 371-72 (9th Cir. 1982) ("Nonparty witnesses are powerless to control the scope of litigation and discovery, and should not be forced to subsidize an unreasonable share of the costs of litigation to which they are not a party.").

During the April 13, 2012 hearing on Carpathia's motion, the Court noted that it was "sympathetic to [Carpathia's] position" requesting relief from the financial responsibility of storing the data on the computer servers. Ex. C, at 5:10-11. After hearing arguments, the Court then ordered that the parties meet and confer to try and work out a solution, but if a solution could not be reached, the Court "will make a decision, and we will go from there." *Id.* at 39:1-2. Now, over three years later, QTS, as Carpathia's successor-in-interest, still has the burden and expense of storing the computer servers. As the computer servers have not been used in this case, or in litigation elsewhere, since the filing of Carpathia's motion over three years ago, the Court should allow QTS to dispose of the servers and data.

## CONCLUSION

This Court, pursuant to its authority under Federal Rule of Criminal Procedure 16(d), should enter a protective order allowing QTS to dispose of the servers and data that have been sitting in storage for over three years since the initial motion for protective order was filed. For the foregoing reasons, and for the reasons set forth in Carpathia's earlier Motion for Protective Order, QTS respectfully respects that the Court grant its Renewed Motion for Protective Order.

Dated: August 11, 2015  Respectfully submitted,

*/s/ Christina Harrison*
Christina Harrison (VSB # 82193)
Hogan Lovells US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004
Tel: (202) 637-5822
Fax: (202) 637-5910
christina.murphy@hoganlovells.com
*Counsel for QTS Realty Trust, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 11, 2015 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notification of such filing (NEF) to all counsel of record.

*/s/ Christina Harrison*
Christina Harrison (VSB # 82193)
Hogan Lovells US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004
Tel: (202) 637-5822
Fax: (202) 637-5910
christina.murphy@hoganlovells.com