UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 1:12CR3 |
| ) | |
| KIM DOTCOM, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**UNITED STATES OF AMERICA'S RESPONSE TO QUESTIONS OF THE COURT**

The United States of America offers the following responses to the Court's questions from the October 29, 2015 Order, (Dkt. 229):

> Is it the position of the United States that it has no interest in possessing or preserving the data stored on the hard drives of the QTS computer servers?

Yes. As explained in the United States of America's Response to QTS Realty Trust, Inc.'s Renewed Motion for Protective Order at p. 1, (Dkt. 223) (Aug. 25, 2015), the United States completed its acquisition of evidence from the servers years ago, pursuant to a search warrant; the servers have not been under the government's custody and control since the search was completed on January 27, 2012; and the government stands ready to provide full discovery to the defendants in the criminal case consistent with the Federal Rules of Criminal Procedure, after they have made their initial appearance before this Court.

The United States further reminds the Court that the Federal Bureau of Investigation found that many of these servers contain, as indicated more particularly under seal, copies of known images of child pornography.

> How much money, if any, is Megaupload willing to pay to obtain the computer servers from QTS?

The United States opposes the release of any restrained funds, wherever located, to pay to obtain the servers from QTS, as this money is alleged (and in some instances found) to be illicit proceeds. Neither QTS nor its predecessor appears to be a victim in the criminal case. The issues between QTS, Carpathia, the defendants, and Mega users are contractual in nature, and the government submits are not properly within the criminal matter, nor are they in the civil forfeiture matters pending before the Court. When considering these issues in the private civil matters actually before the Court, the United States is not a party.

> To all parties, what are the costs associated with activating the computer servers, searching for the data of innocent third parties, and retrieving and returning the same?

Because the United States does not maintain any custody or control over the servers, and is not in the commercial business of hosting content, it is not in a position to estimate the costs of activating the servers and searching for data. In the unprecedented event that the Court orders the United States to perform the searching, retrieving, and returning of third-party data from third party-servers not in its possession, the process would likely require many millions of dollars and outside experts.

For these reasons, and those described in the United States of America's Response to QTS Realty Trust, Inc.'s Renewed Motion for Protective Order, (Dkt. 223) (Aug. 25, 2015), the United States continues to request that the Court deny any effort to impose unprecedented financial or supervisory obligations on the United States related to the QTS Servers. Otherwise, it takes no position in what is a civil dispute between private parties.

    Respectfully submitted,

    Dana J. Boente
    United States Attorney

By: _____/s/_____
    Jay V. Prabhu
    Chief, Cybercrime Unit
    Assistant United States Attorney
    United States Attorney's Office
    2100 Jamieson Avenue
    Alexandria, Virginia 22314
    (703) 299-3700 office
    (703) 299-3981 fax

**CERTIFICATE OF SERVICE**

I hereby certify that on the 12th of November, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF, which will then send a notification of such filing (NEF) to:

William A. Burck, Esq.
Paul F. Brinkman, Esq.
Heather H. Martin, Esq.
Quinn Emanuel Urquhart & Sullivan LLP
1299 Pennsylvania Avenue, NW, Suite 825
Washington, DC 20004
(202) 538-8000 phone
williamburck@quinnemanuel.com
paulbrinkman@quinnemanuel.com
heathermartin@quinnemanuel.com

Julie Moore Carpenter, Esq.
Jenner & Block LLP
1099 New York Ave, NW, Suite 900
Washington, DC 20001
(202) 639-6000 phone
jcarpenter@jenner.com

John S. Davis, V, Esq.
Williams Mullen
200 South 10th Street, 16th Floor
Richmond, VA 23219
(804) 420-6296 phone
jsdavis@williamsmullen.com

Christina L. Harrison
Hogan Lovells US LLP
555 Thirteenth Street NW
Washington, DC 20004
(202) 637-5822 phone
christina.murphy@hoganlovells.com

Ira P. Rothken, Esq.
The Rothken Law Firm
3 Hamilton Landing, Suite 280
Novato, CA 94949
(415) 924-4250 phone
ira@techfirm.net

Craig C. Reilly, Esq.
111 Oronoco Street
Alexandria, VA 22314
(703) 549-5354 phone
craig.reilly@ccreillylaw.com

By: _____
Jay V. Prabhu
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3700 office
(703) 299-3981 fax